### 43678.   COOPER v. THE STATE.

JORDAN, Presiding Judge.   On March 18, 1968, the defendant pleaded nolo contendere on two charges of illegal possession of intoxicating liquor.   On March 23, 1968, he was fined and placed on probation.   The next day a justice of the peace issued a warrant to search the defendant's residence for liquor and beer.   The supporting affidavit recites as a basis for the warrant "information from an informer who has proven true and reliable in the past that liquor and beer is being stored and sold at above premises and in two different stoves on the inside and the outside, also in the chimney, and across the road from the premises across Hy. 211."   The warrant shows a finding of probable cause based on the affidavit and "after taking testimony under oath, and receiving other evidence in conformity with the law."   The search revealed 8 cases and

22 cans of beer, 5 pints of whiskey, 1 fifth of vodka, and 2 pints of wine, all tax-paid. The following day, the trial court conducted a hearing, after notice, refused to suppress evidence of the warrant and the results of the search, and revoked probation. The defendant appeals from the order dated March 25, 1968, revoking probation, contending that the court erred in refusing to suppress the warrant and evidence obtained thereby, and that the order is based on illegally obtained evidence and is unsupported by admissible evidence. *Held:*

Assuming, without deciding that insufficient facts were submitted to the magistrate to support a determination of probable cause for issuing the search warrant, thereby making the evidence obtained as a result thereof inadmissible, there was other evidence before the court sufficient to authorize the revocation.

At a revocation hearing after due notice the trial judge is not bound by the same rules of evidence as a jury in passing upon the guilt or innocence of the accused in the first instance, and it is not necessary that the evidence support the finding beyond a reasonable doubt or even by a preponderance of the evidence. The trial judge is the trior of the facts and has a very wide discretion. *Atkinson v. State,* 82 Ga. App. 414 (61 SE2d 212); *Allen v. State,* 78 Ga. App. 526 (51 SE2d 571); *Blaylock v. State,* 88 Ga. App. 880 (78 SE2d 537); *Lankford v. State,* 112 Ga. App. 204 (144 SE2d 463).

The defendant himself gave testimony at the hearing which clearly showed possession of an illegal quantity of intoxicating liquors together with several cases of beer which had been placed on refrigeration. While the defendant testified that he had the beer "for my friends and I was going to give it to them" and that it was not held for sale, the trial court under the circumstances was authorized to conclude otherwise. Likewise, the court was not required to accept the defendant's explanation of his possession of the liquor to the effect that it was being held only for his own use and that of his elderly father who lived with him.

Where there is some evidence to support the revocation of the probationary feature of a sentence, this court will not interfere unless a manifest abuse of discretion appears. *Olsen v. State,* 21 Ga. App. 795 (95 SE 269); *Harrington v. State,* 97 Ga. App. 315 (103 SE2d 126). Under the facts and circum-

stances of this case we cannot say that the trial judge abused his discretion in revoking the probation.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED JUNE 5, 1968—DECIDED JUNE 24, 1968.

*Greer, Sartain & Carey, Jack M. Carey,* for appellant.

*Jeff C. Wayne, Solicitor General, Darrell C. MacIntyre,* for appellee.