## 47774. SCHENCK v. THE STATE.

PANNELL, Judge. Appellant was indicted and charged in five counts with separate and distinct felonies of theft by receiving stolen property. A motion to suppress certain evidence relating solely to the counts, other

than count one, was overruled, and the evidence admitted upon the trial over renewed objections that it was illegally seized. At the commencement of the trial the state withdrew count 5 of the indictment and a verdict of not guilty was entered as to that count. A jury trial was waived by the defendant and the remaining counts submitted to the trial judge for decision. The trial judge found the defendant guilty on count 1 of the indictment and not guilty on the remaining counts. The defendant's motion for new trial on the general grounds was overruled. He appealed to this court enumerating as error the overruling of the motion for a new trial, the overruling of his motion to suppress, and the admission in evidence of the articles allegedly stolen as charged in the remaining counts on which he was found not guilty. *Held:*

1. The evidence was sufficient to authorize the finding of guilty as to count 1 of the indictment and there was no error in overruling the motion for new trial.

2. Assuming, without deciding, that the trial judge erred in overruling the motion to suppress the evidence seized relative to the counts other than count one of the indictment, and in admitting the same in evidence, this error was harmless. See *Ellis v. State,* 67 Ga. App. 821 (21 SE2d 316). Further, the trial judge, who was also the trior of facts, was thoroughly familiar with this evidence because of his hearing the testimony on the motion to suppress; so it could not be said that the admission of this evidence as to the other counts unduly influenced him in his finding of guilty on the first count. And "Even if the testimony had been objectionable, since the judge was acting as both judge and jury, it must be presumed that he 'has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent,' unless from the judgment itself it appears that consideration

was given to testimony that should have been excluded. *Bailey v. Holmes,* 163 Ga. 272, 275 (136 SE 60); *Ward v. State,* 26 Ga. App. 61 (105 SE 373)." *Nichols v. State,* 111 Ga. App. 699, 701 (143 SE2d 41). See also *Lockridge-Rogers Lumber Co. v. Lord,* 80 Ga. App. 37 (2) (54 SE2d 914). Accordingly, the judgment must be affirmed.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 11, 1973 — DECIDED
FEBRUARY 22, 1973.

*Wesley R. Asinof,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Isaac Jenrette, Carter Goode, Joel M. Feldman,* for appellee.