## 48207. ALEXANDER v. THE STATE.

ARGUED MAY 8, 1973 — DECIDED JUNE 20, 1973 — REHEARING DENIED JULY 18, 1973.

*Drew, Hendrix & Shea, Bart E. Shea,* for appellant.

*Andrew J. Ryan, Jr., Solicitor, Howard A. McGlasson, Jr.,* for appellee.

HALL, Presiding Judge. ■ In support of the due process claim, appellant relies on Ross v. United States, 349 F2d 210 (D. C. Cir. 1965), in which the court reversed a conviction for narcotics violations where the complaint against defendant was not sworn out until seven months after the alleged offense of sale to an undercover agent. However, the court there required, and defendant showed, prejudice. Appellant here does not.

In Ross the court found that defendant was a man of limited education with little to differentiate one day from another, who kept no diary or other record, received little mail, and, at the time in question, had no regular employment. He testified that he could not remember, or, even after intensive discussions with his attorney, reconstruct the events of the day of the alleged offense. Id., pp. 213, 214. Additionally, neither the defendant, the one witness, nor the undercover agent had any independent recollection of the day in question. Id., pp. 214, 215.

It was on this highly particularized record with indications of definite prejudice to the defendant occasioned by "a purposeful delay of seven months between offense and arrest" (Id., p. 215), that the court reversed the conviction but specifically declined to give the ruling constitutional dimensions, basing it instead upon

supervisory powers of the court over proceedings in the lower federal courts. Id., p. 216.

More importantly, in United States v. Marion, 404 U. S. 307 (92 SC 455, 30 LE2d 468), the Supreme Court considered the right to a speedy prosecution and concluded that the Constitution did not require dismissal of a federal indictment where three years elapsed between the occurrence of the acts and the filing of the indictment, in a case where the accused persons were unable to show actual prejudice to the conduct of the defense. The court also cast doubt on the general applicability of Ross. 404 U. S. 317, n. 8.

The record now before us is devoid of evidence of prejudice to appellant caused by this delay. His affidavit in support of his motion contains only the conclusory statement that". . . by reason of the delay between the time of the alleged violations and the time at which he was taken into custody, his ability to defend himself against said charges has been prejudiced, that such delay was unreasonable and unjust and has denied deponent . . . due process . . ."

On a record showing a delay of only 12 days and presenting no evidence of prejudice, we hold that appellant has suffered no deprivation of due process.

■ The Fifth Amendment prohibition against putting any person twice in jeopardy of life or limb for the same offense is enforceable against the states through the Fourteenth Amendment, North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656). However, the prohibition applies only to twice subjecting an individual to *criminal* processes for the same offense against the same sovereign; there is no bar to the sovereign's imposing both civil and criminal penalties for the same act. One Lot Emerald Cut Stones v. United States, 409 U. S. 232 (93 SC 489, 34 LE2d 438) (1972); Helvering v. Mitchell, 303 U. S. 391, 399 (58 SC 630, 82 LE 917) (1938); *Cushway v. State Bar,* 120 Ga. App. 371 (170 SE2d 732), cert. den. 398 U. S. 910 (90 SC 1705, 26 LE2d 71), reh. den. 399 U. S. 938 (90 SC 2256, 26 LE2d 810). Moreover, the constitutional provision against double jeopardy is rooted in history, and precedent carries impressive authority. Gore v. United States, 357 U. S. 386, 392 (78 SC 1280, 2 LE2d 1405).

Appellant Alexander's double jeopardy claim can, therefore, succeed only if the proceedings held before the Revenue Commissioner were in the nature of criminal processes former subjection to which would constitute a bar to the present state prosecution. Because those proceedings were clearly civil and

remedial, no possibility of double jeopardy is presented.

Appellant grounds his position in certain language in *City of Atlanta v. Stallings,* 198 Ga. 510 (32 SE2d 256), in which the Georgia Supreme Court held that the discharge of a policeman by the city council police committee for conduct unbecoming an officer was not a criminal proceeding. In that opinion, the court indicated that some possibility of a "fine or imprisonment of the accused" characterized criminal proceedings. Appellant urges that the Revenue Commissioner is empowered to impose a fine because under Rules of Revenue Dept. § 560-2-11-.03 each license applicant must post bond in the amount of $2,500 conditioned that the applicant shall comply with all rules and regulations of the Revenue Commissioner, and upon breach of such regulations a forfeiture of the bond can occur. Appellant invites this court to decide that under *Stallings* this potential "fine" or forfeiture renders the Revenue Commissioner's proceedings criminal. This we cannot do for a number of reasons.

First, though the Georgia Supreme Court in *Stallings* wrote that a fine may be imposed in a criminal proceeding, that is not the equivalent of saying that all cases in which fines are imposed are criminal cases. This point has been addressed by the United States Supreme Court on more than one occasion.

In Helvering v. Mitchell, 303 U. S. 391, supra, the court had before it a case in which one section of the Revenue Act provided that if any part of a deficiency was due to fraud with intent to evade taxation, then the deficiency plus 50% thereof must be paid; and another section declared that any person wilfully attempting to evade or defraud the tax shall be guilty of a felony and upon conviction be subject to fine and imprisonment. The court held, as against the taxpayer's claim of double jeopardy, that that doctrine was irrelevant because the 50% fine was not primarily punitive but was a civil remedy designed to safeguard the revenue and reimburse the government for its losses and expenses. The court wrote: "Forfeiture of goods or their value and the payment of fixed or variable sums of money are other sanctions which have been recognized as enforceable by civil proceedings since the original revenue law of 1789. [Cit.] In spite of their comparative severity, such sanctions have been upheld against the contention that they are essentially criminal and subject to the procedural rules governing criminal prosecutions." Id., p. 400.

In United States v. Hess, 317 U. S. 537 (63 SC 379, 87 LE 443) (1943) the court again ruled that a penalty was not necessarily

criminal just because the sovereign might collect through fines an amount exceeding its actual losses or expenses, and gave as an illustration the concept of punitive damages which is still a civil remedy. Id., pp. 549, 550.

Quite recently, in One Lot Emerald Cut Stones ·v. United States, 409 U. S. 232, supra (1972) the court ruled that under the provisions of a federal anti-smuggling statute calling for the forfeiture of undeclared items, the forfeiture was not a criminal penalty because it resulted simply from the act of importation without following proper customs procedures, and required neither a criminal conviction nor even a criminal offense. Therefore, ruled the court, the double jeopardy clause would not preclude the imposition of the forfeiture and any relevant criminal sanctions as well. The court noted additionally that the forfeitures served to reimburse the government for the expenses of investigation and enforcement.

Here, the surety bond conditioned upon the licensee's abiding by all rules and regulations could be forfeited for rule violations not constituting in themselves violations of Georgia statute. Bond forfeitures or other fines and penal sums are not per se criminal penalties under the rule of the cases cited above. We conclude that this penalty is civil and remedial in nature, reimbursing the state for the costs of policing the alcoholic beverage controls, and therefore it forms no ground for a later claim of double jeopardy by a licensee such as appellant facing criminal prosecution for violation of state statutes.

Additionally we note here that the regulation in issue is a rule of a state administrative body, without power to declare acts crimes if not so declared by statute, *Columbus Wine Co. v. Sheffield,* 83 Ga. App. 593, 603 (64 SE2d 356); *State of Ga. v. Schafer,* 82 Ga. App. 753 (62 SE2d 446), and without power to hold any criminal proceedings. This fact alone would suffice to answer appellant's double jeopardy claim.

*Judgment affirmed. Evans and Stolz, JJ., concur.*