## 52944. JACKSON v. THE STATE.

SMITH, Judge.

On February 27, 1976, appellant pled guilty to the charge of robbery. He was sentenced to two years to be served on probation. On March 20, 1976, the defendant was arrested for carrying a concealed weapon and for violation of the Georgia Controlled Substances Act. A probation warrant was issued on the basis of these arrests, and a probation revocation hearing was held on April 9, 1976. The defendant moved that the hearing be continued until the charges against him could be tried by a jury. The trial judge overruled the motion. He found that the defendant had violated one of the terms of his probation (violation of the criminal laws of any governmental unit) and revoked the probation. The defendant appeals the judgment of revocation. *Held:*

Appellant urges error in the court's refusal to stay the revocation proceedings until after the disposition of the criminal trial. This contention has been previously rejected in *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649); *Blaylock v. State,* 88 Ga. App. 880 (5) (78 SE2d 537); and *Bryant v. State,* 89 Ga. App. 891 (81 SE2d 556).

More particularly, the case is controlled by *Johnson v. State,* 214 Ga. 818 (108 SE2d 313). There as here the defendant was convicted of a felony and his sentence probated; there as here he was subsequently arrested for carrying a concealed weapon; there as here after a revocation hearing the probation feature of the original sentence was withdrawn. *Johnson* clearly stated that "the defendant is not in the position of one accused by indictment, even though the probationary condition alleged to have been violated is the commission of a crime

660

against the State"; and that "[i]f the act which violated the probation should happen to be a criminal one, it does not thereby change the character of the hearing."

To forbid revocation proceedings until after the trial on an alleged later offense would certainly change the character of the hearing. It would, as Judge Webb pointed out in *Dickerson,* require a substitution of proof "beyond a reasonable doubt" for "slight evidence."

The judgment of the trial court revoking the probation is supported by the evidence.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 5, 1976 — DECIDED DECEMBER 3, 1976.

*Michael R. Casper,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, James H. Whitmer, Assistant District Attorneys,* for appellee.

ADDENDUM.

SMITH, Judge.

Although the writer agrees with what is said in the dissent in *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649), it is now a binding precedent and as judges we are constrained to follow it. While the court at some future date may see fit to recede from the holding of the majority in the *Dickerson* case, it is obvious as presently constituted the court will not do so.

Judge Webb concurs in the view expressed in this addendum.