### 53146. JOHNSON v. THE STATE.

SHULMAN, Judge.

Appellant was tried on an indictment for burglary and found not guilty by the jury. Appellant had been serving a previous sentence of four years on probation. A probation revocation petition was filed before indictment and trial on the burglary charge, but a hearing was not held on that petition until one day after his acquittal. Both parties stipulated that the evidence produced on the trial for burglary would be the same evidence upon which the probation revocation petition would be reviewed and decided. After a hearing, the trial judge entered an order revoking the balance of appellant's probation.

Appellant offers two enumerations of error: that the trial court committed reversible error by revoking the probation and that the trial court committed reversible error by subjecting appellant to double jeopardy in violation of the 5th and 14th Amendments of the United States Constitution.

1. This is apparently a case of first impression in Georgia, in view of the fact that probation was revoked

after a finding of not guilty to a criminal charge and the same evidence was used for determination at the probation revocation hearing.

The Supreme Court of the United States in the case of Morrissey v. Brewer, 408 U. S. 471, 480, states: ". . . [T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions."

In the case of United States v. Clanton, 419 F2d 1304 (5th Cir., 1969), the court held that a revocation of probation was not an abuse of discretion even though a state charge against a probationer growing out of the incident for which the revocation was demanded had been dismissed. The court stated, on p. 1305, " 'All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation' . . . The law is well established that revocation of probation is an exercise of the trial court's broad discretionary power, and such an action will not be disturbed in the absence of a clear showing of abuse of that discretion."

Revocation of probation does not require proof sufficient to sustain a criminal conviction. Pickens v. Texas, 497 F2d 981, 982 (5th Cir., 1974).

In Georgia, Chief Judge Bell, speaking for this court in the case of Dickerson v. State, 136 Ga. App. 885, 886 (222 SE2d 649) stated: "It would indeed be ridiculous to hold (as appellant would have us do) that where an act on which the revocation is based is a felony, that it is erroneous for the hearing judge to have based the revocation on that accusation unless the accused shall have first been tried and found guilty of the criminal charge. To hold that would be to elevate a felony to a legal status more respectable than an ordinary and reasonable condition expressed in a probationary sentence, the violation of which would not constitute even a misdemeanor."

We are not unmindful that strong dissents were also written by judges of this court in that decision. However, the Georgia law with respect to revocation of probation now seems to be clear.

An earlier case enunciating the same principle is that of *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313): "A hearing of this character is not a trial on a criminal charge, but is a hearing to determine judicially whether the conduct of the defendant during the probation period has conformed to the course outlined in the order of probation. If the act which violated the probation should happen to be a criminal one, it does not thereby change the character of the hearing." See also *Dutton v. Willis,* 223 Ga. 209, 211 (154 SE2d 221, 234).

This court recognized the "slight evidence" rule necessary to support a finding of a probationary violation in the cases of *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649); *Scott v. State,* 131 Ga. App. 504 (206 SE2d 137); *David v. State,* 139 Ga. App. 335 (228 SE2d 362); and *Hammond v. State,* 139 Ga. App. 365 (228 SE2d 386).

It is therefore well settled that the procedure for holding a proceeding for probation revocation is different from that of a criminal prosecution. ". . . The cases applying this statute are uniform in holding that the quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction in the first instance, and where there is even slight evidence of misconduct the appellate court will not interfere with revocation unless there has been manifest abuse of discretion." *Christy v. State,* 134 Ga. App. 504, 507 (215 SE2d 267).

"The rule in this state has been that as to revocation of probation 'it is not necessary that the evidence support the finding beyond a reasonable doubt or even by a preponderance of the evidence.' *Cooper v. State,* 118 Ga. App. 57, 58 . . . 'The evidence did not have to exclude every other hypothesis than that of the guilt of the accused. In other words, the court did not have to be convinced beyond a reasonable doubt that defendant had violated a condition of his probation in order to revoke it.' " Id.

It follows therefore that probation revocation is

discretionary with the trial court and that unless there is a manifest abuse of this discretion, this court will not disturb the judgment.

Based on the foregoing, we find no violation of appellant's constitutional guarantees.

2. Double jeopardy limitations are traditionally viewed as applicable only to successive prosecutions for the same offense. Ashe v. Swenson, 397 U. S. 436 (90 SC 1189, 25 LE2d 469). As stated above, a probation revocation hearing is only a hearing to determine whether the conduct of the defendant during the probation period has conformed to the terms and conditions outlined in the order of probation. *Dutton v. Willis,* 223 Ga. 209, 211, supra; *Scott v. State,* 131 Ga. App. 504, supra. The Fifth Amendment prohibition against putting any person twice in jeopardy of life or limb applies only to twice subjecting an individual to criminal processes for the same offense against the same sovereign; there is no bar to the state's imposing both a civil and a criminal penalty for the same act. *Alexander v. State,* 129 Ga. App. 395 (199 SE2d 918). It is generally accepted in courts of this state as well as in the federal courts, that a proceeding to revoke a probated sentence is not a criminal proceeding. It therefore follows that this enumeration of error is without merit.

While this court may, to some measure, be sympathetic with the plight of the appellant, that after having been acquitted of a criminal charge, his probation on a previous conviction was revoked, under the law we have no alternative but to affirm the judgment of the trial court.

*Judgment affirmed. Bell, C. J., Deen, P. J., Marshall and McMurray, JJ., concur. Quillian, P. J., Webb and Smith, JJ., dissent.*

SUBMITTED JANUARY 10, 1977 — DECIDED APRIL 5, 1977 — REHEARING DENIED APRIL 29, 1977 —

*John W. Timmons, Jr., Jack H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook,*

*Jr., Assistant District Attorney,* for appellee.

QUILLIAN, Presiding Judge, dissenting.

I dissent from that which is held in the majority opinion.

I agree with the majority opinion that prior to a defendant's trial of a crime of which he was charged the quantum of evidence sufficient to justify revocation of probation is less than that which is necessary to sustain a conviction. I also agree that it is not necessary for the defendant to have been tried and convicted of the criminal charge which is the act on which the probation revocation is based. However, these are not the questions which are now before this court.

In the case sub judice the defendant had been tried and acquitted of the commission of the crime upon which the revocation was based. I cannot agree that where there has been a legal determination by a verdict of the jury that the defendant was innocent of the crime of which he had been charged, the court could subsequently revoke his probation on the ground that there was evidence that he had committed the very crime for which he had just stood trial and was found not guilty.

In United States v. Clanton, 419 F2d 1304, cited by the majority, the charges against the defendant had been dismissed. This is completely different from a case where the defendant was tried and found not guilty.

Furthermore, even if it were not distinguishable, that case is not binding on this court.

SMITH, Judge, dissenting.

For two reasons I must dissent. First, I agree with the dissent in *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649). See the addendum to *Jackson v. State,* 140 Ga. App. 659 (231 SE2d 554). Second, the peculiar facts of this case set it apart from the usual "run of the mill" probation revocation hearings.

Johnson, while serving a four year probation sentence imposed on July 16, 1973, was tried on a burglary indictment before a jury on June 28, 1976; he was found "not guilty." Prior to the trial, on April 13, 1976, a petition for revocation of Johnson's probation had

been filed. No action was taken on the petition until June 29, 1976, the day after Johnson had been acquitted of the burglary charge. On this date, the judge of the Clarke County Superior Court signed an order directing Johnson to show cause on July 2, 1976, why his probation should not be revoked. The petition for revocation, using language identical to the accusatory language in the burglary indictment, set out but one ground for revocation of the probation: the burglary. At the July 2 revocation hearing, the court noted in the record a stipulated agreement between the parties that "the transcript of the evidence offered at trial in indictment number 13615 in the Superior Court of Clarke County on Monday, June 28, 1976, constitutes the whole evidence on the issue of whether or not the defendant has violated the terms of probation contained in the sentence imposed on July 16, 1973, as *alleged* in the Petition for Revocation of Probation." (Emphasis supplied.)

Johnson's 1973 sentence of probation contained six conditions; the *only* condition alleged by the revocation petition to have been violated was the command that he "not violate the criminal laws of any governmental unit during said period." The law allegedly violated was Georgia's burglary statute. But the jury found that Johnson had not violated the statute. Thereafter, the superior court judge sitting as trier of fact at the revocation hearing found that Johnson *had* violated the statute, and the probation was revoked.

I think the court must be confined to the grounds set forth in the petition for revocation and, where the defendant has *already* been tried and acquitted, to allow the state cavalierly to wash away the verdict of twelve and impose a punishment based upon the same act is to pay nothing but lip service to the constitutional guarantees of a presumption of innocence and a trial by jury. To me, such a compromise of fundamental principles is intolerable. If a jury acquits the defendant but we nevertheless subject him to a penalty by indulging in the consolation that "he is guilty; we just couldn't convince the jury," then have we not turned our backs on the purpose and function of the jury? Likewise, a man is presumed innocent until proven guilty, but we allow the state one chance to rebut the

presumption with competent evidence. If the state succeeds, the defendant is forever "guilty"; if the state fails, the presumption is not rebutted and the defendant is "innocent." Therefore, he is forever "innocent," and how can we countenance an imposition of penalty based upon the defeated allegation? The state should not be allowed a double opportunity to prosecute the defendant.

There is nothing to be found in *Johnson v. State,* 214 Ga. 818 (108 SE2d 313) or the majority in *Dickerson,* supra, that conflicts with this dissent.

I would reverse the judgment.

I am authorized to state that Judge Webb joins in this dissent.