## 55158. BUNN v. THE STATE.

DEEN, Presiding Judge.

On January 22, 1974, Tommy L. Bunn was sentenced to ten years for armed robbery with one year to serve and the balance probated. He now appeals from an order of the Superior Court of Cobb County which revoked his probation. The trial court found that he violated two counts of his probation in that he violated a criminal law of the State of Georgia and that he had associated with persons of criminal repute and character.

1. In his first two enumerations of error, appellant

contends that the trial court erred in denying his motion for a continuance and in failing to grant a temporary postponement because his counsel did not have adequate time to prepare a defense to his petition for revocation of probation. At the hearing, appellant's counsel moved for a continuance " ... having only lately been appointed to this case, having interviewed the client for the first time yesterday, having this morning for the first time seen transcripts of the proceedings that occurred in a commitment hearing [in Gwinnett County]." As this court does not know exactly when counsel was appointed, we are unable to hold that the trial court abused its discretion in denying the motion. See *Foster v. State,* 213 Ga. 601 (100 SE2d 426) (1957).

2. Appellant also complains that the trial court erred in introducing over objection testimony of arresting police officers as to conversations that they had with the alleged victim of the crime who was not present at the probation revocation hearing. The trial court correctly ruled that the police officer's testimony as to conversations that they had with the alleged victim was admissible. Although it is not clear from the record whether the trial judge admitted the conversations as part of the res gestae (Code Ann. § 38-305) or to explain the officer's conduct (Code Ann. § 38-302), the trial court could clearly find that the evidence was admissible to explain conduct. Appellant argues that this testimony should not have been given any probative value because it is not admissible as part of the res gestae. "Even if the testimony had been objectionable, since the judge was acting as both judge and jury, it must be presumed that he 'has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent,' unless from the judgment itself it appears that consideration was given to testimony that should have been excluded. [Cits.]" *Schenck v. State,* 128 Ga. App. 270, 271 (196 SE2d 362) (1973). As approximately only forty-five minutes had elapsed between the time the victim was cut with a knife and robbed and his conversation with the officer, we believe that the trial judge could have considered this testimony as part of the res gestae. "No precise time can be fixed a priori when the res gestae ends, but each case must turn on its own

circumstances, the inquiry being rather into events than to the precise time which has elapsed." *Turner v. State,* 212 Ga. 199, 200 (91 SE3d 501) (1956). " 'What the law altogether distrusts is not afterspeech but afterthought' . . . [The admissibility of such evidence] is left to the sound discretion of the courts in determining from the time, circumstances, and statement in question, whether the declaration meets the legal requirement of being 'free from . . . afterthought.' " *Davis v. Metropolitan Life Ins. Co.,* 48 Ga. App. 179, 181 (172 SE 467) (1933).

3. Appellant also contends that there was no admissible evidence produced at trial regarding the violation of any criminal law. We disagree with this contention. In order to revoke probation, it is not required that the court be convinced beyond a reasonable doubt that defendant has violated a condition of his probation; slight evidence is both essential and sufficient. *Sellers v. State,* 107 Ga. App. 516 (130 SE2d 790) (1963). The arresting officers testified that they responded to a call that a man had been cut with a knife and robbed of a twenty dollar bill. When they reached the victim, they noticed that he had a cut on his right forearm and his shirtsleeve was bloody. He reported that he was hitchhiking on Interstate 85 and was picked up by three white men in a yellow and white 1958 Chevrolet automobile which had a logging-type chain dragging from its rear bumper. The men threatened him with a knife and robbed him of twenty dollars in cash and forced him to leave his camping gear in the rear seat of the automobile. As the victim was not seriously hurt, he accompanied the officers in their search. Appellant's automobile, which matched the description given by the victim and contained three white men, was spotted, identified, and stopped. A sleeping bag and other camping gear were found lying on the rear seat and a bloodstained knife was on the floor. A twenty dollar bill was found in the breast pocket of appellant's shirt. Clearly, there was more than slight evidence that appellant had violated a criminal law.

4. Appellant also contends that the trial court erred in revoking his probation on the grounds that he associated with persons of known criminal repute and character. The evidence indicates that the brother of

appellant had a criminal record as did a cousin by marriage. The three men all resided with appellant in his mother's home and were present in the automobile when he was arrested. Appellant claims that to insist on such a rule in this case would require him to leave the home of his parents merely because his brother and cousin also resided there, and that it is conceivable such a rule could require a husband and wife to separate if the husband should be on probation and the wife a convicted felon. We agree that the intent of this rule is not to produce such a harsh result among members of an immediate family, but rather to aid in the rehabilitation of the probationer. However, we cannot say that the trial judge abused his discretion in this case. While it could have been improper for the trial court to order appellant's probation revoked simply because he lived with his brother in his mother's home, appellant testified that he knew he was not supposed to associate with persons with known criminal records. He presented no evidence to justify his association with a cousin by marriage whom he knew to be a convicted felon other than his testimony that they worked together junking automobiles.

*Judgment affirmed. Smith, J., concurs in the judgment only, and Banke, J., concurs specially.*

SUBMITTED JANUARY 5, 1978—DECIDED
FEBRUARY 21, 1978.

*Brown & Hough, Thomas J. Hough, Jr.,* for appellant.
*Thomas J. Charron, District Attorney,* for appellee.

SMITH, Judge, concurring in the judgment only.
I concur in the judgment only, because I cannot agree with the conclusion reached by the majority in Division 4. I realize the Georgia appellate courts have gone a long way with probation revocation decisions. See *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550) (1977) in which I dissented; affirmed *Johnson v. State,* 240 Ga. 526 (1978). But to hold that an individual violates that portion of his probation that prohibits him from associating with

persons of known criminal repute and character when he lives in his mother's home with his brother and cousin is unrealistic. As pointed out by the majority, to do so would require a husband and wife to separate if the husband should be on probation and his wife happened to be a convicted felon. Inasmuch as there is ample ground set out in Division 3 for revoking the probation, I concur in the judgment only.

BANKE, Judge, concurring specially.

While I fully concur in the judgment, it appears appellant's enumerations of error and brief indicate an underlying contention that a probation revocation hearing should be governed by the same rules of evidence that apply to the trial in chief. This contention is misplaced. I have seen many other cases come to this court under similar contentions. "At a revocation hearing after due notice the trial judge is not bound by the same rules of evidence as a jury in passing upon the guilt or innocence of the accused in the first instance, and it is not necessary that the evidence support the finding beyond a reasonable doubt or even by a preponderance of the evidence. The trial judge is the trior of the facts and has a very wide discretion." *Cooper v. State,* 118 Ga. App. 57 (162 SE2d 753). This is as it should be because the trial judge has exercised a discretion in placing a convicted person on probation in the first instance. No person convicted of a crime has the right to have his sentence probated. A trial judge in the exercise of sound discretion may revoke probation upon the slightest degree of evidence or under the "any evidence" rule. See *Barlow v. State,* 140 Ga. App. 667 (231 SE2d 561).