Robert S. CULLEY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1–878A225.

Court of Appeals of Indiana,
First District.

Feb. 7, 1979.

Charles L. Berger, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Robert S. Culley (Culley) appeals the revocation of his probation.[1]

The record reveals that on January 5, 1977, Culley pled guilty to a charge of burglary, and the court withheld sentencing for a period of two years. Culley was placed on probation, and two of the conditions stated that:

(3) Use no narcotic drugs; nor visit places where intoxicants or drugs are sold, dispensed, or used unlawfully; nor use intoxicants of any kind to excess.
(4) Avoid injurious or vicious habits; avoid association with persons of harmful character or bad reputation.

In August of the same year, Culley and another man were in a hotel room when a search warrant was executed. The officers discovered a "roach" from a marijuana cigarette and a silver spoon with some form of reddish residue, later identified as heroin. While on the premises, Percy Gooch entered the room and, after a search, was found to be carrying heroin and marijuana. Culley was arrested, tried, and acquitted of possession of marijuana and maintaining a common nuisance.

A petition for revocation of probation was subsequently filed, and the evidence at the revocation hearing was substantially the same as that introduced at Culley's trial. The ensuing judgment of the trial court on April 21, 1978, in pertinent part, stated:

Court now finds that the defendant was in a place where narcotic durgs [sic] were located, and that he was associating with persons of harmful character; and the Court now revokes defendant's probation and sentences defendant to two (2) years at the Indiana Department of Corrections.

Culley alleges error in the admission of expert testimony by Mark Bradley, a chemist for the Evansville Police Department, which established that the substances seized in the hotel were marijuana and heroin. Insofar as error is claimed for an insufficient chain of custody, it is waived for failure to object on those grounds at the hearing below. *Beasley v. State,* (1977) Ind., 370 N.E.2d 360; *Hunt v. State,* (1977) Ind., 366 N.E.2d 638; *Bell v. State,* (1977) Ind., 366 N.E.2d 1156. Culley did object, however, on the grounds that the State had failed to establish an adequate foundation for the introduction of Bradley's testimony. An expert is generally "qualified" by evidence of practical experience and/or formal training, and the adequacy of such evidence is left to the discretion of the trial court and will not be reversed except for a manifest abuse thereof. *Horn v. State,* (1978) Ind.App., 376 N.E.2d 512; *Niehaus v. State,* (1977) 265 Ind. 655, 359 N.E.2d 513, *cert. den.* 434 U.S. 902, 98 S.Ct. 297, 54 L.Ed.2d 188.

Bradley was a graduate of the University of Evansville, was employed as a chemist for approximately three months by the Evansville Police Department, and had previously conducted between 20–25 tests for heroin. We believe a sufficient foundation was laid to preclude error for a manifest abuse of discretion. The extent of his experience is more properly addressed to the weight of his testimony.[2] *Blair v.*

---

1. The revocation of probation is a final appealable order. Ind. Code 35–7–2–2(g).

2. Also, we believe there was sufficient evidence for the trial court to conclude that the "con-

*State,* (1977) Ind.App., 364 N.E.2d 793. Furthermore, since this case was tried before the court, and since the order of proof is within the discretion of the trial court, *Merry v. State,* (1975) Ind.App., 335 N.E.2d 249, it was not reversible error for Bradley's qualifications to be established after his testimony as to the narcotic character of the substances in question.

Culley next contends that his acquittal on the charges of possession of marijuana and maintaining a common nuisance barred the subsequent revocation proceedings under the principle of former jeopardy.[3] Our Supreme Court, however, has made it abundantly clear that the defense of former jeopardy applies only to reprosecution for the *same offense. Elmore v. State,* (1978) Ind., 382 N.E.2d 893. The inquiry does not conclusively depend upon the necessity to prove the same *facts*; rather, similarity of proof merely alerts the court to a possible encroachment on the constitutional right to not be twice put in jeopardy. *Elmore, supra.*

In the instant case, the revocation proceeding was based on violations of *conditions* of probation, and not, as Culley suggests, based upon the commission of a crime. First of all, the legislature has the exclusive power to establish and define criminal offenses. *Higdon v. State,* (1961) 241 Ind. 501, 173 N.E.2d 58; *Durrett v. State,* (1966) 247 Ind. 692, 219 N.E.2d 814, *cert. den.* 386 U.S. 1024, 87 S.Ct. 1383, 18 L.Ed.2d 465. Secondly, the granting of probation is a matter of grace to the defendant, and its exercise is vested in the sound discretion of the trial court. *Farmer v. State,* (1971) 257 Ind. 511, 275 N.E.2d 783. Thirdly, the trial court is accorded substantial latitude in fixing conditions of probation, and the revocation for breach of a condition is not a finding of guilt, because such a finding has already been made. *Dulin v. State,* (1976) Ind.App., 346 N.E.2d 746.

Therefore, a probation condition is imposed by the *court,* not the legislature, and a breach thereof is *not* an adjudication of guilt. Hence, we hold that a violation of a condition of probation does not constitute an offense within the purview of double jeopardy analysis.[4]

Lastly, Culley contends that the condition relating to the association of persons with "harmful character" is too vague to survive the specificity requirements for such conditions as mandated by the *Dulin* court. Despite our temptation to agree, we are confined, as with other sufficient matters, to the determination of whether there was sufficient evidence to support the trial court's action. Since the evidence was sufficient to find that Culley violated his probation for being in a place where narcotic drugs were located, the trial court is in all respects affirmed.

Affirmed.

LYBROOK, P. J., and LOWDERMILK, J., concur.

---

trol" substance was adequately identified as heroin.

3. Ind. Constitution Art. I, § 14.

4. An issue not before us, and one which we do not decide, is whether we would reach a different result if the defendant violated a condition of engaging in the commission of a crime subsequent to an acquittal for the same alleged crime. *See* 76 A.L.R.3d 564 (1977).