60571. HEATH v. THE STATE.

DEEN, Chief Judge.

1. The revocation of the probationary feature of a sentence may be sustained although supported by only slight evidence. *Scott v. State,* 131 Ga. App. 504 (206 SE2d 137) (1974). This court will not set aside an order of revocation after notice and hearing unless it appears that the trial judge's discretion has been manifestly abused. *Cooper v. State,* 118 Ga. App. 57 (162 SE2d 753) (1968). The probation sentence contains a condition that the defendant not violate the criminal laws of any governmental unit, and the petition for revocation alleges that this provision has been violated by "being arrested on September 29, 1979, by the Savannah Police Department for the new offense of burglary." The petition is, however, not attacked on the ground that arrest alone, without evidence tending to prove guilt, is insufficient grounds for revocation. On the trial of the case the evidence was sufficient to establish that the defendant did in fact break into the home of a witness and assault one of the sleeping inmates. The inadequacy of the petition, if any, will not serve as a ground for setting aside the revocation. *Horton v. State,* 122 Ga. App. 106 (176 SE2d 287) (1970).

2. In addition to other evidence, it appears that as the victim screamed and the assailant fled down the hall her stepfather fired a shot which lodged in his body. The defendant was captured soon thereafter and taken to the hospital where Dr. Van testified that he surgically removed a bullet from Heath's body and gave it to Officer Picart. Further evidence shows that it was delivered to the crime laboratory, compared with a test bullet fired from the pistol in

question, and found to have come from the same source. In the face of this testimony the defendant's contention that the sentence was based on hearsay evidence is without merit. There was also a stipulation of fact that "Dr. Van surgically removed the bullet, placed it in a marked container and delivered this bullet, State's Exhibit No. 2, to Detective Sweeney [who] the next day delivered this bullet, as well as the .38 caliber pistol, the property of Charles Addison, State's Exhibit No. 1, to Roger Parian, Director of the State Crime Lab [for] ballistics comparison." The objections are in consequence frivolous and totally without merit.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Argued September 9, 1980 — Decided October 21, 1980.

*Clark Smith,* for appellant.

*Andrew J. Ryan, III, District Attorney, Michael Gardner, Assistant District Attorney,* for appellee.