**Rodney JACKSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–979A290.

Court of Appeals of Indiana, Second District.

May 18, 1981.

Carol A. Glass, Indianapolis, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

SULLIVAN, Judge.

Rodney Jackson seeks to set aside revocation of his probation. Jackson was convicted of second degree burglary following his plea of guilty. On March 18, 1977 he was sentenced to an indeterminate term of 2–5 years in prison. The sentence was suspended and he was placed on probation for a period of one year. On December 20, 1977

the trial court revoked Jackson's probation on the grounds that he had committed a crime. Earlier, in October of 1977 a jury acquitted him of that very offense.

The trial court found and concluded that:

"2. The burden of proof in the probation revocation hearing of December 20, 1977, was that of a preponderance of the evidence, a lesser burden than that placed on the State of Indiana in the Petitioner's October 16, 1977 criminal trial requiring proof beyond a reasonable doubt of the Defendant's guilt.

3. The risk to which the guarantee against double jeopardy refers is not present in proceedings which are not 'essentially criminal,' according to *Breed v. Jones* (1975) [421 U.S. 419], 95 S.Ct. 1779 [44 L.Ed.2d 346]. Additionally, it has been held that a hearing on the subject of probation revocation is not a stage of a criminal prosecution, in *Gagnon v. Scarpelli* (1973) [411 U.S. 778], 93 S.Ct. 1756 [36 L.Ed.2d 656].

4. Hence said revocation hearing did not place Petitioner in double jeopardy in that it did not contemplate the trial and conviction of Petitioner on an additional charge, but merely found by a preponderance of the evidence that an additional offense had been committed by Petitioner, and that thus he had violated the terms of his probation and said probation should be revoked.

. . . .

6. The Petitioner's probation was properly revoked [for the commission of a crime] on December 20, 1977."

Jackson contends that the revocation of his probation is contrary to Indiana law and violates the principles of collateral estoppel and double jeopardy. Because this is a case of first impression, *see Culley v. State* (1st Dist.1979) Ind.App., 385 N.E.2d 486, 488 n.4, a review of Indiana probation revocation law is appropriate.

In *State ex rel. Gash v. Morgan Superior Court* (1972) 258 Ind. 485, 283 N.E.2d 349, our Supreme Court ruled, *inter alia*, that if probation revocation was based upon the commission of another offense an adjudication of guilt must precede the revocation. 283 N.E.2d at 355 (interpreting former I.C. 35–7–2–2 (amended 1976 & 1977)); *accord, Ewing v. State* (2d Dist.1974) 160 Ind.App. 138, 310 N.E.2d 571. *Gash* was overruled by *Hoffa v. State* (1977) 267 Ind. 133, 368 N.E.2d 250, wherein the court stated, "It is not necessary that a criminal conviction precede revocation of probation for unlawful conduct; it is only necessary that the trial judge, after a hearing, finds such unlawful conduct to have occurred." 368 N.E.2d at 252. This change of position was merited because, as stated by the Court:

"[O]ur trial court's power to suspend the sentence and use probation is an important judicial tool in the administration of criminal justice. In order to preserve this power we must, therefore, impose only reasonable restrictions in its exercise. This becomes a matter of judicial necessity if we are to encourage the use of probationary authority as a *matter of grace* in the administration of justice." 368 N.E.2d at 252 (original emphasis).

*Accord, Curtis v. State* (2d Dist.1977) Ind. App., 370 N.E.2d 385.[1]

*Culley v. State, supra,* 385 N.E.2d 486, the latest in this line of cases, involved a situation analogous to ours. Culley was placed on probation after pleading guilty to a charge of burglary. Two conditions of his probation were that he avoid places where drugs were sold or used, and that he refrain from associating with persons of harmful character. A few months later Culley and another were in a hotel room when a search executed pursuant to a warrant uncovered some marijuana and heroin. Culley's companion was found to be carrying heroin and

---

1. I.C. 35–7–2–2 was amended significantly in 1976, *see* Acts 1976, Pub.L. 148, § 23, p. 814, and now provides in pertinent part: "If the court finds that the person was violated a condition [of probation] at anytime before termination of the period, it may continue him on probation ... or [it] may order execution of the sentence that was suspended ...." I.C. 35–7–2–2(f) (Burns Code Ed.1979). The condition of probation Jackson was found to have violated provides, "You shall not commit another criminal offense; either felony or misdemeanor."

marijuana. Although Culley was acquitted of possession of marijuana and maintaining a common nuisance, his probation was revoked when the trial court found a violation of the two conditions stated above. In rejecting Culley's argument that the revocation proceedings were barred by his acquittal under the double jeopardy doctrine, the court stressed four points: 1) double or former jeopardy applies only to reprosecution for the same offense; 2) the legislature alone establishes criminal offenses; 3) granting probation is a matter of grace resting in the sound discretion of the trial court; and 4) the trial court is given wide latitude in fixing conditions of probation. In summation the Court stated, "[A] probation condition is imposed by the *court*, not the legislature, and a breach thereof is *not* an adjudication of guilt. Hence, we hold that a violation of a condition of probation does not constitute an offense within the purview of double jeopardy analysis." 385 N.E.2d at 488 (original emphasis). As previously noted, however, the exact question before us was not reached in *Culley*.

There are two widely differing views toward probation revocation proceedings based upon the commission of a criminal offense after the probationer has been acquitted of the offense. *See* Annot., 76 A.L. R.3d 564 (1977 & Supp.1980). The minority position prohibiting revocation is characterized by *Illinois v. Grayson* (1974) 58 Ill.2d 260, 319 N.E.2d 43, *cert. denied*, (1975) 421 U.S. 994, 95 S.Ct. 2001, 44 L.Ed.2d 484. The *Grayson* Court overturned an intermediate appellate decision which allowed revocation after acquittal based on the different burdens of proof in the two proceedings. In so doing the Court focused on the doctrine of collateral estoppel and the practical ramifications of a revocation proceeding subsequent to acquittal:

"[W]e are not persuaded that the difference in the burden of proof between a criminal trial and a probation revocation proceeding should dictate the result in this case. While the differences between a criminal trial and a probation revocation hearing are substantial, and we see no reason to modify our determination in

*People v. Crowell*, 53 Ill.2d 447, 292 N.E.2d 721, that violations of conditions of probation need be proved by only a preponderance of the evidence, we believe those differences cannot fairly serve to permit relitigation of the identical issue upon the same evidence. (*People v. Armstrong*, 56 Ill.2d 159, 306 N.E.2d 14.) Although proceedings may be civil in form, they may be criminal in nature (*United States v. United States Coin and Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434), and the individual facing probation revocation may lose his liberty just as swiftly and surely as a defendant in a criminal case." *Illinois v. Grayson, supra*, 319 N.E.2d at 45–46.

Typical of the majority position allowing revocation is *Johnson v. Georgia* (1977) 142 Ga.App. 124, 235 S.E.2d 550, *aff'd*, 240 Ga. 526, 242 S.E.2d 53, *cert. denied*, (1978) 439 U.S. 881, 99 S.Ct. 221, 58 L.Ed.2d 194. In determining that revocation after acquittal was consistent with Georgia law and the Constitution, the Court stressed the discretionary nature of granting probation and the minimal procedural rights that attach to revocation proceedings, 235 S.E.2d at 551 (citing *Morrissey v. Brewer* (1972) 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484), the lesser burden of proof required to justify revocation of probation under Georgia law, 235 S.E.2d at 551–52, and the fact that revocation proceedings are more civil than criminal in nature and there is no prohibition on the state's imposition of both a civil and a criminal penalty for the same act. *Id.* at 552. The Georgia court's treatment of this latter rationale is particularly pertinent to Jackson's double jeopardy argument and merits extensive quotation:

"Double jeopardy limitations are traditionally viewed as applicable only to successive prosecutions for the same offense. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. As stated above, a probation revocation hearing is only a hearing to determine whether the conduct of the defendant during the probation period has conformed to the terms and conditions outlined in the order of

probation. *Dutton v. Willis*, 223 Ga. 209, 211, 154 S.E.2d 221, 223; *Scott v. State*, 131 Ga.App. 504, 206 S.E.2d 137. The Fifth Amendment prohibition against putting any person twice in jeopardy of life or limb applies only to twice subjecting an individual to criminal processes for the same offense against the same sovereign; there is no bar to the state's imposing both a civil and a criminal penalty for the same act. *Alexander v. State*, 129 Ga.App. 395, 199 S.E.2d 918. It is generally accepted in courts of this state as well as in the federal courts, that a proceeding to revoke a probated sentence is not a criminal proceeding." 235 S.E.2d at 552.

As noted in the *Hoffa-Culley* line of cases Indiana adheres to the position that probation is largely a matter for a trial court's sound discretion. Additionally, I.C. 35–7–2–2(d) (Burns Code Ed.1979), only requires the state to prove a probation violation by the civil preponderance standard rather than beyond a reasonable doubt.[2] Finally, it is our opinion that the double jeopardy analysis of *Johnson* is but a logical extension of the Court's analysis in *Culley v. State, supra*, 385 N.E.2d at 488. We therefore adopt the majority position represented by *Johnson v. Georgia, supra*. Any other conclusion would be contrary to the clear direction of recent Indiana case law in this area.

In light of the above discussion we find no error in the trial court's revocation of Jackson's probation. We must stress, however, that each case must be decided on the basis of the evidence presented at the revocation hearing. In many instances of acquittal the state may not be able to meet its preponderance burden, and public policy may dictate exceptions to the general rule announced here. *Cf. People ex rel. Dowdy v. Smith* (1979) 48 N.Y.2d 477, 423 N.Y.S.2d 862, 399 N.E.2d 894 (parole revocation collaterally estopped by defendant's proof of entrapment at prior criminal trial). Here,

the evidence presented at Jackson's criminal trial was re-examined, additional testimony was taken, and the limited rights afforded an alleged probation violator were fully protected. Determining that Jackson violated the terms of his probation rested in the trial court's sound discretion and we find no abuse of that discretion.

Affirmed.

BUCHANAN, C. J., and SHIELDS, J., concur.

---

**2.** This statute also provides certain rights to the person allegedly in violation of a condition of his probation. These rights include a hearing in open court prior to revocation, cross-examination, and representation by counsel. We note that the trial court here complied with the procedural safeguards in exemplary fashion.