## 67515. OLIVER v. THE STATE.

BANKE, Judge.

Appellant Oliver appeals an order revoking his probation. At the revocation hearing, a police investigator testified that appellant was pointed out to him by an informant as a person who was selling marijuana, following which he (the investigator) saw appellant throw a brown paper bag over a fence. The investigator detained appellant until a squad car arrived, then retrieved the bag, discovered 16 manila envelopes inside containing a substance he believed to be marijuana, and arrested appellant for possession of marijuana with intent to distribute. The officer later tested the substance for marijuana, with positive results. The officer further testified that he had come in contact with marijuana about 100 times and that the substance looked and smelled like marijuana. Appellant contends that the evidence did not establish that the substance was in fact marijuana. *Held:*

1. It is well established that a probation revocation may be sustained although supported by only slight evidence. See generally *State v. Brinson,* 248 Ga. 380 (2) (283 SE2d 463) (1981); *Heath v. State,* 156 Ga. App. 172 (1) (274 SE2d 145) (1980). Applying the slight evidence standard, we hold that the testimony of the arresting officer was sufficient to identify the substance as marijuana. See *Hayes v. State,* 157 Ga. App. 659 (2) (278 SE2d 424) (1981).

2. Appellant also contends that the trial court erred in twice allowing the state to reopen its case, once to recall its only witness, the police investigator, and once to introduce a copy of the original probated sentence, which had been omitted previously. A probation hearing is not a trial on a criminal charge, but a hearing to determine

whether a defendant's conduct has conformed to the terms of the probation. *Johnson v. State,* 214 Ga. 818 (108 SE2d 313) (1959). A probation revocation will not be set aside unless the trial court abuses its discretion. Accord *Heath v. State,* supra. We hold that the trial court did not abuse its discretion in allowing the state to reopen its case for the presentation of additional evidence.

3. Appellant further contends that the petition for revocation was inadequate because it cited his arrest as the ground for revocation, rather than alleging the substantive facts constituting the offense itself. The inadequacy of a petition is not necessarily a basis for setting aside a revocation where the factual grounds are established at the hearing. Accord *Heath v. State,* supra. In the instant case, the investigator testified not only as to the arrest but also as to the underlying factual grounds. The petition adequately informed the appellant of the specific grounds upon which the revocation was based, and this enumeration of error is consequently without merit. See *Wilson v. State,* 152 Ga. App. 695 (2) (263 SE2d 691) (1979).

4. Appellant contends that the revocation should be set aside because he was illegally arrested without probable cause. Assuming, without deciding, that the arrest was illegal, "... this would not in and of itself constitute a bar to the subsequent revocation of his probation." *Hayes v. State,* supra at 661.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 2, 1984.

*John L. Tracy,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.