59593, 59594. ROBINSON v. THE STATE; and vice versa.

CARLEY, Judge.

These companion cases involve the revocation of probation of defendant Robinson. In April of 1979 Robinson was sentenced to five years probation upon his pleading guilty to the violation of the Georgia Controlled Substances Act and to theft by receiving stolen property in connection with a burglary of the Country Dairy Store in Bremen.

The revocation petition filed by the state alleged that the defendant had violated the terms and conditions of probation in the following particulars: "Did on July 9, 1979, without authority and with intent to commit a theft therein, enter and remain within the store building and place of business of Carden Green, DBA the Country Dairy Store, Bremen, Georgia." In other words, the revocation petition was based upon an alleged, *subsequent* burglary at the same Country Dairy Store.

At the hearing on the petition for revocation Bremen Police Officer Hammond testified that on July 9, 1979, he investigated a break-in at the aforesaid store and at the scene found a sliding glass door which had been pried open. The officer saw numerous items strewn on the floor and further investigation revealed that items had been taken from the store. Hammond further testified that on August 19, 1979, he arrested one Eugene Folds and that, with the prior permission of Folds, he taped a telephone conversation between Folds and defendant Robinson. The tape containing the recorded conversation was offered into evidence and the defendant objected. The court reserved ruling of the objection to the admission of the taped conversation and continued the hearing in order that counsel for both parties could submit briefs on the question of the tape's admissibility. Prior to the completion of this first hearing, the state rested.

Upon the call of the continued hearing, the state requested permission to reopen its case and to introduce additional evidence. The court granted the state's motion to reopen and at the same time sustained defendant's objection to the tape recording. The state

then called Eugene Folds who testified as to the substance of the already suppressed taped telephone conversation between himself and the defendant.

At the conclusion of the hearing, the trial court revoked defendant Robinson's probation. Robinson appeals. The state cross appeals from the trial court's order excluding the actual tape of the conversation.

1. Defendant urges that the trial court erred in allowing the state to reopen its case. Essentially, defendant contends he was prejudiced by this ruling inasmuch as without the additional testimony of Eugene Folds, there would have been insufficient evidence, after the taped conversation was suppressed, to revoke defendant's probation.

The trial judge has wide discretion in deciding whether or not to allow a party to reopen his case. *McFarland v. State,* 137 Ga. App. 354, 357 (223 SE2d 739) (1976). " 'It is within the discretionary power of the court to allow a witness to be sworn after the evidence on both sides has been announced closed and the argument has been commenced; and a liberal practice in this respect is most favorable to the ends of justice' . . . [I]t [is] within the discretionary power of the trial judge to reopen the case and allow the State to introduce further testimony even though such testimony was not in rebuttal of evidence offered by the defendant or his statement to the jury. These principles which are applicable to both civil and criminal cases are so well settled as to require no further elaboration here . . . [Cits.]" *Britten v. State,* 221 Ga. 97, 101 (143 SE2d 176) (1965). This discretion extends to allowing the state to reopen the case and recall a witness for the purpose of amplifying testimony previously given. *Flynt v. State,* 153 Ga. App. 232, 244 (3) (264 SE2d 669) (1980).

The trial judge here allowed the state to reopen its case prior to any evidence being presented by defendant. Furthermore, the trial judge granted the state's motion to reopen prior to ruling that the taped conversation was inadmissible. There was no prejudice to defendant and the trial judge did not abuse his discretion.

2. Defendant also urges that the trial court erred in revoking his probation in that the state failed to meet its burden of proof and failed to prove the corpus delicti of the alleged burglary.

Officer Hammond testified that he investigated a burglary that took place at the Country Dairy Store on July 9, 1979, and that no other burglaries of said store had been reported between July 9, 1979, and August 19, 1979. He further testified that his investigation revealed that items had been taken from the store and that entry had been gained through a side door. Eugene Folds testified that he had a telephone conversation with defendant on

August 19, 1979, and that defendant stated he (Robinson) had broken into the Country Dairy Store approximately a month and a half prior and that entry had been gained by prying open a side door. On cross examination, defendant testified that "he thought he recalled" telling Folds that entry to the store had occurred about a month and a half prior to the conversation of August 19, 1979.

It is well settled that the procedure for holding a proceeding for probation revocation is different from that of a criminal prosecution. *Hearing v. State,* 151 Ga. App. 895 (262 SE2d 207) (1979). The cases are uniform in holding that "the quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction in the first instance. [Cit.] Only slight evidence is required to authorize revocation [Cit.] and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion." *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504) (1973). See also *Johnson v. State,* 142 Ga. App. 124, 126 (235 SE2d 550) (1977).

Furthermore, a probation revocation hearing is not a trial on a criminal charge. Rather, it is a hearing to determine judicially whether the conduct of the defendant during the probation period has conformed to that outlined in the order of probation. The fact that the act which is alleged to be in violation of the probation is of a criminal nature does not change the character of the revocation hearing. *Johnston v. State,* 214 Ga. 818, 819 (108 SE2d 313) (1959).

The testimony before the trial court was sufficient evidence to establish the corpus delicti of the burglary on July 9, 1979. In a probation revocation proceeding "it is not necessary that the evidence support the finding beyond a reasonable doubt or even by a preponderance of the evidence." *Cooper v. State,* 118 Ga. App. 57, 58 (162 SE2d 753) (1968). See also *Christy v. State,* 134 Ga. App. 504, 507 (215 SE2d 267) (1975); *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37) (1971).

Under the facts and circumstances of this case the trial judge did not abuse his discretion in revoking the probation. Since we have found defendant's enumerations of error to be without merit, we need not consider the issues raised by the state's cross appeal.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MARCH 4, 1980 — DECIDED
MAY 12, 1980.

*Thomas B. Murphy,* for appellant.

*Daniel J. Sammons, Assistant District Attorney,* for appellee.