## 64482. GOLDEN v. THE STATE.

BANKE, Judge.

This appeal is from the revocation of the appellant's probation based on his possession of controlled substances. At issue is the legality of the seizure of the contraband. *Held:*

Although slight evidence is all that is necessary to authorize a revocation of probation, the evidence must be admissible. "Inadmissible evidence is no evidence at all." *Amiss v. State,* 135 Ga. App. 784, 787 (219 SE2d 28) (1975). The search at issue occurred after police arrived at a convenience store in response to "a suspicious person/suspicious automobile" call. As one of the officers approached the appellant's car, which was parked in a darkened area of the parking lot, he observed the appellant open the door and place something under the car. The officer turned on the blue lights of his patrol car, whereupon the appellant exited the car in which he was seated and approached the police car. Upon observing a hypodermic needle sticking out of the appellant's pocket, the officer instructed him to place his billfold and his hands on top of the car. The officer then reached for the hypodermic needle which he felt was a possible weapon. The appellant immediately fled and was captured after a search of the surrounding area. When the appellant's automobile was removed for impoundment, a vinyl bag was found on the spot where the car had been parked. It contained marijuana and an assortment of other controlled substances.

The appellant argues that the officer's initial observation of his car, and of his placement of the bag under the car, constituted an impermissible restraint upon his liberty. While he acknowledges that the abandonment of evidence can result in a lack of standing to contest its seizure, he contends that "the abandonment must be truly voluntary and not merely the product of police misconduct." United States v. Beck, 602 F2d 726, 729 (5th Cir., 1979). However, the testimony before the court in this case mandates the conclusion that the evidence was abandoned prior to any intrusion upon the appellant's freedom.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*J. Alfred Johnson,* for appellant.

*Thomas J. Charron, District Attorney, James T. Martin, Assistant District Attorney,* for appellee.