## 65766. BALTIMORE v. THE STATE.

McMURRAY, Presiding Judge.

This case involves the revocation of a probated sentence. Defendant pleaded guilty to the offense of forgery in the first degree (four counts). He was serving the probated portion of this sentence

requiring him to meet certain special conditions as well as a general condition not to violate the criminal laws of any governmental unit. He was arrested and charged with the offense of shoplifting, a felony; and a petition to revoke his probation was filed, served, heard and granted; and the defendant was ordered to serve four years in confinement followed by the remaining years of his sentence on probation. Defendant appeals. *Held:*

1. In this case the defendant sought discovery with reference to the offense of shoplifting which was the primary ground alleged in a petition for revocation of defendant's probation. A revocation hearing is not a criminal trial. *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313); *Austin v. State,* 148 Ga. App. 784, 785 (1) (252 SE2d 696). Therefore, the trial court could not err in denying a Brady motion for discovery with reference to the charge of shoplifing. The hearing here was to determine whether there was slight evidence sufficient to revoke the probation. See *Puckett v. State,* 163 Ga. App. 156, 157 (1) (293 SE2d 544). Further, if the defendant prior to trial can point to nothing materially exculpatory which has been suppressed, he has no right under the Brady principle (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)). See *Gross v. State,* 161 Ga. App. 489, 490 (2) (288 SE2d 733); *Barnes v. State,* 157 Ga. App. 582, 586 (277 SE2d 916). The defendant has shown no exculpatory evidence was suppressed which was material. See *Gross v. State,* 161 Ga. App. 489, 490 (2), supra. The trial court did not err in denying the defendant's motion for discovery. Further, the trial court did not err in failing to make an in camera review to determine whether the state's files contained any exculpatory or other evidence which should be disclosed.

2. The correct evidentiary standard to be applied by the trial court in revocation cases has been very clearly defined and upheld in such cases as *Allen v. State,* 78 Ga. App. 526 (51 SE2d 571); *Golden v. State,* 163 Ga. App. 519 (295 SE2d 333); *Robinson v. State,* 154 Ga. App. 591, 593 (269 SE2d 86); *Johnson v. State,* 214 Ga. 818, 819, supra. The rule is that where there is slight evidence of misconduct the appellate courts will not interfere with revocation unless there has been a manifest abuse of discretion. See *Robinson v. State,* 154 Ga. App. 591, 593 (2), supra; *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504); *Golden v. State,* 163 Ga. App. 519, supra. There is no merit in the defendant's contention that the trial court erred in applying a constitutionally defective "slight evidence" standard of proof in determining whether defendant had violated the conditions of his probation.

3. The remaining enumeration of error contends that the evidence of the defendant's violation of the conditions of his

probation was not supported by a preponderance of the evidence or even by slight evidence. We do not agree. The defendant presented exculpatory testimony (the testimony of his brother), that it was he (defendant's brother) who committed the offense of shoplifting and this witness' testimony (the brother) directly contradicted testimony by the state's witness who had testified he saw the defendant putting items from the merchandising store's clothing rack into a bag. This state's witness also testified he saw the defendant and the others leave the store with the merchandise without paying for it. Furthermore, had the defendant been on trial for the offense of shoplifting this evidence was ample for any rational trier of fact to find the defendant guilty of shoplifting beyond a reasonable doubt. Hence, the trial court was authorized to believe the state's witness over the testimony of the defendant and witnesses for the defendant, and the court was authorized to revoke his probation. There is no merit in any of the enumerations of error.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MARCH 10, 1983.

*Jesse C. Stone,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.