66447. POOLE v. THE STATE.

Birdsong, Judge.

On February 7, 1980, Freddie Lee Poole was convicted on his plea of guilty to robbery by snatching and theft by receiving. He was sentenced to 20 years on probation. Subsequently, Poole was cited on January 3, 1983 for violation of a term of his probation (i. e., not to violate a criminal law of this state) in that he violated the Controlled Substances Act by selling marijuana to a GBI undercover agent. Appellant filed a motion for discovery seeking to ascertain if an issue of entrapment was involved. The state gave its entire file to the trial court for an in-camera inspection and denied the existence of any other evidence available to it or that any negotiated pleas involved those concerned with the transaction. The trial court examined the state's file and corroborated that no exculpatory material was contained in the state's file. The court then denied the appellant's general motion for discovery. The state established a personal sale by

Poole to a GBI agent of a leafy vegetable substance that was chemically shown to be marijuana. Poole was sentenced to serve five years of the originally probated sentence with the remainder again on probation. Poole enumerates as the only alleged error the denial of his "Brady" motion. *Held:*

This exact issue was considered and rejected by this court in the case of *Baltimore v. State,* 165 Ga. App. 741 (302 SE2d 427) (1983). That case reiterated that a revocation proceeding is not a criminal trial and for that reason the trial court does not err in denying a Brady motion for discovery with reference to a criminal charge (i.e., violation of the Controlled Substances Act). The hearing was to determine if there was any evidence, however slight, of a violation of the terms of probation. Moreover, in this case, as in *Baltimore,* Poole has pointed to nothing materially exculpatory which was suppressed; thus no enforceable discovery rights were denied him. We find ample evidence to sustain the judgment of the court that Poole violated the terms of his probation. There was no error in the denial of a discovery motion, particularly in the circumstances of this case.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JULY 6, 1983.

*William P. Keenan,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.