## 67763. ANDERSON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals an order revoking two years of the remaining term of his probated sentence. *Held:*

1. It is contended that defendant's constitutional rights were vio-

lated because the evidence did not sustain the probation revocation beyond a reasonable doubt.

This court and the Georgia Supreme Court, whose decisions are binding upon us, have often reaffirmed the legal maxim that the quantum of proof sufficient to justify a revocation of probation is less than that required to sustain conviction in the first instance. Thus, in such proceeding it is unnecessary that the evidence support the findings beyond a reasonable doubt. *Robinson v. State*, 154 Ga. App. 591, 593 (269 SE2d 86); *Johnson v. State*, 214 Ga. 818 (108 SE2d 313). As stated in *Baltimore v. State*, 165 Ga. App. 741 (2) (302 SE2d 427): "There is no merit in the defendant's contention that the trial court erred in applying a constitutionally defective 'slight evidence' standard of proof in determining whether defendant had violated the conditions of the probation." Accord, *Johnson v. State*, 240 Ga. 526 (242 SE2d 53); *State v. Brinson*, 248 Ga. 380 (2) (283 SE2d 463).

2. Applying the evidentiary standard enunciated by our courts the judgment was authorized by the evidence.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED FEBRUARY 27, 1984.

*C. Nathan Davis*, for appellant.
*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney*, for appellee.