STATE of North Dakota, Plaintiff and Appellee,

v.

Larry A. NELSON, Defendant and Appellant.

Cr. No. 870088.

Supreme Court of North Dakota.

Dec. 29, 1987.

Lyle R. Bopp, Sargent County State's Atty., Forman, for plaintiff and appellee.

George E. Duis, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Larry A. Nelson appealed from an order revoking the suspension of a jail sentence based upon a violation of the terms of Nelson's probation. We reverse and remand to the trial court for resentencing.

Larry Nelson pleaded guilty in the county court of Sargent County to the crime of operating a vehicle while under the influence of intoxicating liquor, in violation of Section 39–08–01, N.D.C.C. A judgment was issued by the trial court on September 3, 1986, sentencing Nelson as a first-time offender. The sentence provided that Nelson pay a fine of $250 and court costs of $100, that he be imprisoned for 30 days in the county jail, and that he submit himself "to the Southeast Human Service Center for addiction evaluation relative to [his] use of alcohol, and that [he] obey all requirements prescribed for [him] by them." The trial court then suspended 28 days of the jail sentence subject to certain conditions. One such condition was that if the court required medical or psychiatric treatment, Nelson must submit to such treatment. The judgment provided that Nelson's probation would terminate on March 3, 1987.

Subsequently Nelson underwent an addiction evaluation. The evaluator recommended that Nelson undergo inpatient treatment for alcohol addiction. Nelson refused to undergo inpatient treatment.

On March 6, 1987, the trial court issued an order to show cause why the suspended jail sentence of 28 days should not be revoked because Nelson had refused to undergo inpatient treatment. At a subsequent hearing the trial court did revoke the suspension of sentence. It is this order from which Nelson appealed.

I

Nelson first argues that the trial court lacked jurisdiction to revoke the suspension of his sentence. The basis for this argument is that the judgment provided that Nelson's probation would end on March 3, 1987, but that the proceedings to revoke the suspension were not initiated until March 6, 1987, or accomplished until March 20, 1987. Thus Nelson argues that the trial court could not revoke a probation

which had already terminated. We disagree.

■ In *Decker v. State*, 209 N.W.2d 879 (N.D.1973), this court considered whether a trial court lacks jurisdiction to revoke a suspension of the imposition of sentence when the petition to revoke was not filed until the period of probation established by the trial court had elapsed. We concluded that the trial court had jurisdiction,

"notwithstanding that the petition to revoke the suspension of the imposition of sentence was not filed and the order revoking the suspension was not made within the period of probation established by the court, when the action to revoke was taken with reasonable promptness and within the five-year period authorized by Section 12–53–13, N.D.C.C." 209 N.W.2d at 885.

Although *Decker* concerned a revocation of the suspension of imposition of sentence in relation to Section 12–53–13, N.D.C.C.,[1] we think that its reasoning also applies to a revocation of probation pursuant to a sentence under Sections 12.1–32–06(1)[2] and 12–53–03, N.D.C.C.[3] In this case, the action to revoke Nelson's probation was taken three days after that probation ended. We believe that this is clearly an action "taken with reasonable promptness," and the trial court thus had jurisdiction to revoke Nelson's probation.

1. Section 12–53–13 provides:
   "When a defendant has been found guilty of a crime, whether or not for the first time, the court having jurisdiction thereof, upon application or its own motion may, in its discretion, suspend the imposing of the sentence and may direct that such suspension continue for a definite period of time, upon such terms and conditions as it may determine. Such period shall not exceed five years, except that in cases where the defendant has been found guilty of abandonment or nonsupport of a spouse or children, the period may be continued for as long as responsibility for support continues."

2. Section 12.1–32–06(1) provides:
   "Unless terminated as provided in subsection 2, the periods during which a sentence to probation shall remain conditional and be subject to revocation are:

## II

■ Nelson next argues that the trial court's sentence was erroneous in that it exceeded the punishment established in Section 39–08–01 for first-time offenders. The trial court's sentence required Nelson to pay a fine of $250 and court costs of $100, to be imprisoned for 30 days, and to submit to an addiction evaluation and to follow any requirements prescribed by the evaluator. Nelson argues that punishment for a first-time DUI offender may be only a $250 fine and an order for addiction evaluation.

Nelson bases his argument upon Section 39–08–01(4)(a), N.D.C.C. That section provides that a person convicted of driving a vehicle while under the influence of intoxicating liquor must be sentenced so that:

"For a first offense, the sentence must include both a fine of at least two hundred fifty dollars and an order for addiction evaluation by an appropriate licensed addiction treatment program."

Nelson argues that by requiring a $250 fine and an order for addiction evaluation, the Legislature intended to limit punishment solely to these two things. We disagree.

The penalties encapsulated in Section 39–08–01(4)(a) were established by the Legislature in 1983. A review of the legislative history of the section indicates that the

   "a. For a felony, five years.
   "b. For a misdemeanor, two years."

3. Section 12–53–03 provides:
   "When the facts set forth in section 12–53–01 appear and the defendant has been found guilty of a misdemeanor, the court or magistrate may suspend the execution of the sentence or may modify or alter the sentence in such manner as appears just and right to the court or magistrate in view of all of the circumstances. When a sentence for a misdemeanor has been suspended, no order for the recommitment of the person sentenced shall be made more than eighteen months after the expiration of the maximum period of time for which such person might have been sentenced."

penalties set forth were designed to be "mandatory minimum penalties." As a summary of the penalty provisions of Section 39–08–01 in the legislative history states:

"The above minimum penalties do not prevent a court from penalizing an offender with the maximum sentences allowed under the current law: 30 days in jail and a $500 fine for a 'first offender' and 1 year in jail and a $1000 fine for a 'subsequent offender.' " Senate Judiciary Committee Minutes (March 2, 1983).

Thus the punishments set forth in Section 39–08–01(4)(a) are mandatory minimum penalties and because a first-time offender is guilty of a Class B misdemeanor under Section 39–08–01(2), he may be punished in accordance with the punishments specified for a Class B misdemeanor in Section 12.1–32–01(6), N.D.C.C.—up to a $500 fine, 30 days' imprisonment, or both. Thus the trial court was not limited to sentencing the defendant to pay a fine of $250 and to undergo an addiction evaluation.

### III

■ Finally, Nelson argues that the trial court improperly delegated its authority to sentence Nelson to an addiction evaluator. We agree.

Part of the trial court's sentence required Nelson to submit himself "to the Southeast Human Service Center for addiction evaluation relative to your use of alcohol, and that you obey all requirements prescribed for you by them." Thus the trial court required Nelson to undergo an addiction evaluation *and that he follow the treatment prescribed by the addiction evaluator.* In doing this the trial court delegated its authority to sentence Nelson to the addiction evaluator. This is improper.

We recently considered the issue of the propriety of a court's delegation of authority to a probation officer to set the conditions of probation for a convicted defendant in *State v. Saavedra,* 406 N.W.2d 667

(N.D.1987). In *Saavedra* the trial court ordered the defendant to obey the conditions of probation in a standard probation agreement the trial court had helped to formulate. However, certain conditions in the agreement were optional and the probation officer decided which of these were to be imposed on the defendant. We concluded that "it was error for the trial court to delegate the authority to impose the conditions of probation ..." 406 N.W.2d at 673. We reached that conclusion because we determined that "It is the trial judge, and not the probation officer, who is authorized under our statutory scheme to establish conditions of probation." 406 N.W.2d at 670.

In this case we are concerned with a trial court's delegation of the authority to sentence a defendant. Our statutory scheme authorizes the trial court to determine sentences. This is readily borne out by a few examples. Rule 32(a), N.D.R.Crim.P., plainly envisions that the trial court will sentence a defendant in that it places on the trial court various duties during the sentencing process—(1) that the court determine that the defendant has had an opportunity to review a presentence report, (2) that the court afford defendant's counsel an opportunity to speak for the defendant, (3) that the court personally address the defendant and listen to any statement he wishes to make, (4) that the court advise the defendant of his right to appeal after it imposes the sentence. Similarly, the provisions of Chapter 12.1–32, N.D.C.C., repeatedly refer to duties placed upon, and things to be considered by, "the court" in sentencing a defendant. Thus under our statutory scheme it is the court which must determine and impose the sentence to be given to the defendant.

■ The determination of sentence is placed in the hands of the trial court because the sentencing function is of critical importance in our legal system. The Pennsylvania Supreme Court has analyzed the importance of this function, stating:

"The sentencing decision is of paramount importance in our criminal justice

system. At sentencing the court seeks to vindicate society's interest in imposing appropriate sanctions against those individuals determined to be criminally culpable. At the same time, however, the court must give fair and full consideration to the particular circumstances of individual defendants. The ABA Project on Sentencing Alternatives and Procedures, supra, recognizes the fundamental significance of the sentence determination:

'The consequences of a sentence are of the highest order. If too short or of the wrong type, it can deprive the law of its effectiveness and result in the premature release of a dangerous criminal. If too severe or improperly conceived, it can reinforce the criminal tendencies of the defendant and lead to a new offense by one who otherwise might not have offended so seriously again.

'The decision which is presented at sentencing is also enormously complex. It properly is concerned, and often predominately, with the future which can be predicted for the particular offender. But any single-valued approach to sentencing is misdirected. A sentence which is not in some fashion limited in accordance with the particular offense can lead to a system of incomparable brutality. Per contra, a sentence or pattern of sentences which fails to take due account of the gravity of the offense can seriously undermine respect for law.'" *Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980), quoting ABA *Project On Minimum Standards For Criminal Justice, Standards Relating To: Sentencing Alternatives And Procedures*, p. 1 (1968).

Because of the importance and complexity of the sentencing decision, our statutory scheme has determined that it is necessary that the trial court determine and impose the sentence on a defendant. While a court may utilize an addiction evaluation to advise it in making a sentencing determination, the final determination must be made by the court itself.

We conclude that the trial court erred when it, in effect, delegated its authority to sentence Nelson to the addiction evaluator.[4] Therefore, we reverse the sentence and remand to the trial court for resentencing.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

4. We do not hold that a defendant who is convicted of driving while under the influence of alcohol may not be required to undergo medical treatment [see Sections 12.1–32–02(1)(g) and 12.1–32–07(2)(b), N.D.C.C.]; we only hold that the defendant must be ordered by the trial court directly, and not indirectly, to undergo treatment.