**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Karlton M. CHAPIN, Defendant and Appellant.**

**Cr. No. 870089CA.**

Court of Appeals of North Dakota.

Feb. 18, 1988.

Lyle R. Bopp (argued), State's Atty., Forman, for plaintiff and appellee.

Duis & Duis Law Office, Fargo, for defendant and appellant; argued by George E. Duis.

A.C. BAKKEN, Surrogate Judge.

Karlton Chapin appealed from a county court order revoking the suspension of a jail sentence for violation of a condition of his probation. We reverse and remand for resentencing.

Chapin pleaded guilty to driving while under the influence of intoxicating liquor. The trial court sentenced Chapin to (1) pay a fine of $250 and costs of $100, (2) "submit [himself] to the Southeast Human Service Center for addiction evaluation relative to [his] use of alcohol, and that [he] obey all requirements prescribed for [him] by them," and (3) imprisonment for 30 days in

the county jail, with 28 days suspended upon certain conditions:

"3. That if the Court shall require medical or psychiatric treatment, either inpatient or outpatient, that you submit to such treatment.

    *     *     *     *     *     *

"10. If you meet all of the conditions of your suspension, your parole will terminate on the *3rd* day of *March*, 1987.

"11. If you violate any of the terms or conditions herein checked, you shall immediately be arrested and brought before this Court for a revocation of your probation."

Chapin agreed "to abide by the conditions of this judgment, in lieu of serving [his] twenty-eight days."

Chapin refused to follow the addiction evaluator's recommendation that he "be admitted to an inpatient treatment center." The trial court revoked Chapin's suspended sentence and ordered him to serve the remaining 28 days in the county jail. Chapin appealed.

■ Chapin argues that the trial court lacked jurisdiction to revoke his probation, because the judgment provided that the period of probation expired March 3, 1987. We disagree. On March 11, 1987, the trial court ordered Chapin to show cause why his suspended jail sentence should not be revoked for failure to follow the evaluator's recommendation and the court's requirement of probation that he submit to inpatient treatment for alcoholism. After hearing, the court issued an order March 23, 1987, revoking the suspended sentence. In our view, the action initiated by the trial court on March 11, 1987, to revoke the suspension was " 'taken with reasonable promptness,' and the trial court thus had jurisdiction to revoke [Chapin's] probation." *State v. Nelson*, 417 N.W.2d 814, 816 (N.D. 1987), quoting *Decker v. State*, 209 N.W.2d 879, 885 (N.D.1973).

■ Chapin argues that his sentence exceeded that authorized by § 39–08–01(4)(a), N.D.C.C., which, he argues, authorizes a fine and an addiction evaluation, but does not authorize a jail sentence. A similar argument was recently rejected by the supreme court in *State v. Nelson, supra,* 417 N.W.2d at 817:

"[T]he punishments set forth in Section 39–08–01(4)(a) are mandatory minimum penalties and because a first-time offender is guilty of a Class B misdemeanor under Section 39–08–01(2), he may be punished in accordance with the punishments specified for a Class B misdemeanor in Section 12.1–32–01(6), N.D.C.C.—up to a $500 fine, 30 days' imprisonment, or both. Thus the trial court was not limited to sentencing the defendant to pay a fine of $250 and to undergo an addiction evaluation."

■ Relying on *State v. Garvin*, 329 N.W.2d 621 (N.D.1983), Chapin argues that requiring compliance with the addiction evaluator's postsentence recommendation for inpatient alcoholism treatment "amounted to a second sentencing for the same offense." In *State v. Garvin, supra,* the trial court increased the defendant's original sentence from probation to confinement. In this case, the trial court's revocation of Chapin's probation for failure to comply with one of the conditions of probation did not constitute a modification or increase of the original sentence. *Garvin* is therefore not controlling.

■ Chapin argues that he was denied procedural due process by the trial court's failure to follow the commitment procedures for involuntary treatment outlined in Ch. 25–03.1, N.D.C.C. We are not persuaded by that argument. Procedures established for mental health hearings by Ch. 25–03.1, N.D.C.C., do not apply to prosecutions under Ch. 39–08, N.D.C.C.

■ Chapin argues that the trial court improperly delegated its judicial authority in sentencing him to obey all requirements of the addiction evaluator as a condition of probation. We agree. In *State v. Nelson, supra,* the supreme court held that in requiring a convicted defendant to follow the treatment prescribed by an addiction evaluator, the trial court improperly delegated its sentencing authority to the addiction

evaluator. In *State v. Nelson, supra,* the supreme court reversed the sentence and remanded to the trial court for resentencing.

While a trial court may utilize an addiction evaluation to advise it in making a sentencing determination, that determination must be made by the court alone after fair and full consideration of the circumstances of the defendant. If inpatient treatment is to be considered as a condition of probation, because of the inconclusive evidence in the record pertaining to that matter, it is ordered that the trial court schedule a hearing thereon before resentencing.

We reverse the sentence and remand to the trial court for resentencing.

ILVEDSON, C.J., and JAMES H. O'KEEFE, District Judge, concur.