2004 ND 144

STATE of North Dakota, Plaintiff and Appellee,

v.

Michael Ray SIMS, Defendant and Appellant.

Michael Ray Sims, Plaintiff and Appellant,

v.

State of North Dakota, Defendant and Appellee.

Nos. 20030150, 20040036.

Supreme Court of North Dakota.

July 6, 2004.

Todd A. Schwarz (on brief), Bismarck, ND, for appellant.

Michael Ray Sims (on brief), pro se, appellant.

Allen M. Koppy (on briefs), State's Attorney, NW, Mandan, ND, for appellee.

KAPSNER, Justice.

[¶ 1] Michael Sims appeals from two district court judgments. The first appeal is from a criminal judgment. The second appeal is from a district court judgment that denied Sims' request for post-conviction relief. Sims requested the Court to stay the criminal appeal pending post-conviction relief. The two appeals were consolidated. We affirm.

I.

[¶ 2] On January 14, 2003, Sims pleaded guilty to theft of property, a class C felony. On April 11, 2003, Sims was sentenced to five years with four years suspended for five years from the date of release from incarceration. Sims argues he pleaded guilty to the charge because he was assured by his attorney he would be

eligible for work release while incarcerated at the Morton County Correctional Center.

[¶ 3] After Sims' incarceration in the Morton County Correctional Center, he discovered he was not eligible for work release because he was convicted of a felony. The guidelines governing work release are implemented and enforced by the Morton County Sheriff and preclude a person convicted of a felony from being eligible for work release. Sims asserts he would not have pleaded guilty to the charge if he had been made aware by either his attorney[1] or the State that he was ineligible for work release under the rules of the Morton County Correctional Center. Sims sought amendment of the sentence in his brief on appeal from the criminal judgment, which was filed pro se. Sims sought reversal of the judgment in his brief on appeal from the denial of his post-conviction relief, which was filed by counsel.

[¶ 4] On June 5, 2003, Sims made a motion to modify his sentence. The district court denied the motion on June 11, 2003. On July 18, 2003, Sims moved the district court for post-conviction relief pursuant to N.D.C.C. § 29–32.1–01(1) and a hearing was held on October 16, 2003.

[¶ 5] In his application for post-conviction relief, Sims argued the categorical denial of his eligibility for work release was new evidence not available at the time of sentencing. The district court denied post-conviction relief on October 27, 2003, and denied a request to reconsider on December 18, 2003. Sims appealed the district court denial of post-conviction relief on January 22, 2004. Sims appealed the original district court criminal judgment entered on April 11, 2003, on May 29, 2003, pursuant to a time extension granted by the district court. The appeals were consolidated at this Court.

II.

[¶ 6] The issue argued by Sims in this appeal is "whether the trial court improperly delegated its determination of eligibility for work release to the Morton County Sheriff when imposing the sentence upon Defendant Michael Sims." Sims argues the district court improperly delegated its sentencing authority to a nonjudicial officer, the Morton County Sheriff.

[¶ 7] In its criminal judgment, the district court stated, "[t]he defendant shall be eligible for work release during his actual incarceration pursuant to the rules and regulations of the jail administrator of the Morton County Correctional Center." Sims argues the district court's delegation to set guidelines as to which inmates qualify for work release was improper. We disagree.

[¶ 8] The ability of correctional facilities in North Dakota to establish guidelines for work release programs is governed by statute. The applicable statute provides:

> A correctional facility may provide for a work release program for inmates unless the court has ordered that an inmate may not receive work release. Work release projects may include public service and community service projects, and may utilize any particular skill or trade of participating inmates. The correctional facility shall take measures to maintain correctional facility security and safety and to protect the safety of the public.

N.D.C.C. § 12–44.1–18.1.

[¶ 9] The statute provides correctional facilities with the power to determine measures which will maintain public safety and security. To maintain safety and security, correctional facilities may de-

---

1. The attorney for Sims on appeal also represented Sims at the district court level.

termine which categories of inmates qualify for work release. The Morton County Correctional Center maintains a written policy that prohibits felons from participating in the work release program. Sims did not qualify for work release under the terms of the policy because he pleaded guilty to theft of property, a class C felony.

[¶ 10] Sims' failure to qualify for the Morton County work release program was not an unauthorized delegation of authority by the district court. The district court expressly considered the possibility Sims might not qualify for the program and confirmed the sentence. The record reflects Sims was warned by the district court at his sentencing he might not qualify for the work release program and his failure would not affect his sentence.

[¶ 11] Sims analogizes the sheriff's denial of Sims' ability to participate in the work release program to *State v. Nelson*, 417 N.W.2d 814 (N.D.1987). In *Nelson*, the district court required the defendant to undergo an alcohol evaluation. As a part of Nelson's sentence, he was required to follow treatment prescribed by an addiction counselor. *Nelson*, at 817. This Court held it was improper for the district court to delegate its authority to sentence Nelson to an addiction evaluator. *Id.* Following *Nelson*, it is appropriate for district courts to accept and follow recommendations from addiction counselors regarding treatments; however, district courts may not leave a sentence blank for a counselor or evaluator to prescribe at a later date.

[¶ 12] This case is distinguishable from the situation in *Nelson*. The district court sentenced Sims to five years with four years suspended. The district court specifically provided Sims would only be eligible for work release if he qualified according to Morton County Correctional Center's rules and guidelines. At the time of the sentencing hearing, the district court stated:

> The defendant will be sentenced to five years at the North Dakota Department of Corrections, four years will be suspended for a period of five years. You will serve the one year at the Morton County Correctional Center with work release if that's approved by the Morton County Sheriff and to the extent approved by the sheriff. If there is no work release, I guess then he sits in the jail.

The district court did not delegate its sentencing authority to the Morton County Sheriff or other unauthorized non-judicial officer. The district court followed proper procedure when it sentenced Sims and provided the possibility of work release in accordance with N.D.C.C. § 12–44.1–18.1.

[¶ 13] The district court judgments are affirmed.

[¶ 14] GERALD W. VANDE WALLE, C.J., EVERETT NELS OLSON, S.J., MARY MUEHLEN MARING, and WILLIAM A. NEUMANN, JJ., concur.

[¶ 15] The Honorable EVERETT NELS OLSON, S.J., sitting in place of SANDSTROM, J., disqualified.