# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 03-2480

—————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Rosemary Quiroz, | * | |
| | * | |
| Appellant. | * | |

—————

Submitted: February 10, 2004
Filed: July 9, 2004

—————

Before LOKEN, Chief Judge, BOWMAN and WOLLMAN, Circuit Judges.

—————

BOWMAN, Circuit Judge.

After serving concurrent sixty-month sentences imposed after she pleaded guilty to two conspiracy charges, Rosemary Quiroz began a five-year term of supervised release on June 12, 1998. On March 10, 2003, the District Court[1] revoked this term of supervised release and sentenced Quiroz to a further prison term of thirty-six months. Quiroz appeals.

—————————————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

In February 1995, Quiroz pleaded guilty to charges of conspiracy to distribute cocaine and conspiracy to unlawfully acquire and possess food stamps. In late August 1995, Quiroz received a downward departure for her substantial cooperation and was sentenced to concurrent sixty-month terms of imprisonment for both offenses, followed by three years of supervised release for the food-stamp offense and five years of supervised release for the cocaine offense. Among the various conditions of release, Quiroz was prohibited from committing further federal, state or local crimes and from consuming or possessing alcoholic beverages and controlled substances. Quiroz was further required to satisfactorily participate in a community treatment center program.

On November 9, 2002, Quiroz was arrested for driving under the influence of alcohol. On November 20, 2002, Quiroz's probation officer filed a Violation Report with the District Court and alleged that Quiroz had violated the conditions of her supervised release by committing a further criminal offense, by consuming alcoholic beverages, and by failing to satisfactorily participate in a community treatment center program. In response to the Violation Report, the District Court issued an arrest warrant and Quiroz was arrested on November 26, 2002. After her arrest, Quiroz was interviewed by United States Customs Service Agent James Cheatham about her involvement in a cocaine-distribution ring. On December 5, 2002, the government filed a motion to revoke Quiroz's supervised release. The next day, the government filed a supplemental Violation Report with the Court and alleged that Quiroz had further violated the conditions of her supervised release by possessing and distributing cocaine. After numerous continuances, the District Court held a revocation hearing on March 10, 2003.

At the hearing, Quiroz admitted that she had consumed alcohol during her release, that she had returned to her community treatment center while under the influence of alcohol, and that she had gone to unauthorized locations during the three months that preceded her arrest. She denied illegally possessing or distributing

-2-

cocaine during her term of supervised release. The government's sole witness at the revocation hearing was Agent Cheatham. He testified that after he provided Quiroz with Miranda warnings, she waived her rights, admitted to the possession and distribution of cocaine, and identified numerous individuals as customers or suppliers. He also testified that he discovered cocaine in Quiroz's wallet, which he had searched while conducting an inventory search after her arrest. Cheatham prepared an arrest report that was provided to Quiroz's probation officer, and the information set forth in this report formed the basis for the December Violation Report provided to the Court. Cheatham sent the powder discovered in the wallet to the Independence Crime Laboratory, which analyzed the substance and prepared a report that concluded the substance was indeed cocaine. The cocaine and the laboratory report were admitted into evidence at the revocation hearing. Quiroz's attorney moved to continue the revocation hearing in order to review Cheatham's arrest report, the laboratory report and the December Violation Report, all of which he claimed not to have seen prior to the hearing. He never sought the December Violation Report from the attorney who previously represented Quiroz nor did he ask the government for any materials prior to the hearing. The District Court denied the motion to continue, found the United States had proved Quiroz had possessed and distributed cocaine during her supervised release, revoked her release, and imposed a further prison term of thirty-six months.

Quiroz argues that the District Court erred in denying her motion to continue the revocation hearing. Trial courts are to be given "broad discretion when ruling on requests for continuances," which "should be granted only when the party requesting one has shown a compelling reason." United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir.), cert. denied 519 U.S. 1018 (1996). Quiroz has failed to show a compelling reason why the hearing should have been continued. The District Court did not abuse its broad discretion when it refused to continue Quiroz's revocation hearing.

Quiroz argues that she had a compelling reason for requesting the continuance because she had not been provided with the three reports and needed additional time to review these reports for potentially exculpatory or impeachment materials. See Giglio v. United States, 405 U.S. 150, 154 (1972); Brady v. Maryland, 373 U.S. 83, 87 (1963). Quiroz asserts that the government's failure to provide the reports prior to her revocation hearing was a Brady violation. Because the Brady claim that is argued in this appeal was not presented to the District Court, our review is only for plain error. United States v. Greatwalker, 356 F.3d 908, 911 (8th Cir. 2004) (per curiam). We may reverse on a forfeited point of error such as this only if the error was plain and it affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993); see also Fed. R. Crim. P. 52 (b). Under plain error review, reversal is appropriate only if the error "'seriously affect[ed] the fairness, integrity or public reputation of [the hearing].'" Olano, 507 U.S. at 736 (quoting United States v. Atkinson, 291 U.S. 157, 160 (1936)). Quiroz has failed to meet this high threshold. To establish a Brady violation, Quiroz must show that the prosecution suppressed material evidence that was favorable to her. See Greatwalker, 356 F.3d at 911. Quiroz fails to come even close to meeting these requirements. Cheatham personally testified to, and was cross-examined on, the matters detailed in the reports, the contents of which include admissions by Quiroz that she was involved in the distribution of cocaine. These reports appear to have no exculpatory value whatsoever, and, in fact, include inculpatory evidence in the form of multiple admissions by Quiroz of violations of the conditions of her supervised release. There being no evidence whatsoever of a Brady violation, much less any plain error regarding a Brady violation, Quiroz's attempt to show a compelling reason for the requested continuance fails.

The judgment of the District Court is affirmed.

_____