# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2885

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Michael W. Warner, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 27, 2005
Filed:   August 3, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Michael W. Warner (Warner) appeals his conviction and sentence imposed by the district court[1] after he pled guilty to bank robbery. See 18 U.S.C. § 2113(a). For the reasons that follow, we affirm.

In November 2003, the district court conducted a change-of-plea hearing under Federal Rule of Criminal Procedure 11. As relevant, the court advised Warner he faced a maximum of 20 years' imprisonment, and he would not be able to withdraw

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

his guilty plea if he was unhappy with his sentence. Thereafter, the presentence report recommended a Guidelines imprisonment range of 151to 188 months, based on Warner's status as a career offender. Warner then filed pro se motions to replace his counsel, to withdraw his guilty plea, for a plea agreement providing for a specific sentence, and for an investigation into allegedly false testimony by grand jury witnesses. Following a hearing, the district court advised Warner he could proceed pro se, but ordered his counsel to continue to serve as standby counsel. The district court also denied Warner's motion to withdraw his plea, and advised Warner the court had no authority to dictate a plea agreement providing for a specific sentence, or to investigate grand jury testimony.

At the July 2004 sentencing hearing, by which time Warner's counsel had resumed his role, the district court denied Warner's request for a continuance; concluded the Guidelines were unconstitutional, but they would nevertheless be considered as advisory; overruled Warner's objection to the use of his prior state convictions for 1990 and 1997 bank robberies as a basis for imposing career-offender status; and sentenced Warner to 175 months' imprisonment and 3 years' supervised release, plus restitution of $2,522, owed jointly and severally with a codefendant.

On appeal, Warner's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Warner has filed two pro se supplemental briefs, as well as motions for new counsel. Following careful review of the record, we find no abuse of discretion in the district court's denial of Warner's motion for new counsel, see United States v. Exson, 328 F.3d 456, 460 (8th Cir.), cert. denied, 540 U.S. 1011 (2003); the denial of Warner's motion to withdraw his guilty plea, see United States v. Head, 340 F.3d 628, 629 (8th Cir. 2003); and the denial of a sentencing continuance, see United States v. Quiroz, 374 F.3d 682, 684 (8th Cir. 2004). Because the instant offense is Warner's third bank-robbery conviction, we also reject his argument that he should not have been sentenced as a career offender. See U.S.S.G. § 4B1.1; United States v. Mayotte, 76 F.3d 887, 889

(8th Cir. 1996).  Warner's remaining arguments--including his arguments regarding the need for an investigation of perjury by grand jury witnesses, his wish for a more favorable plea agreement, the validity of his prior convictions, and the harshness of his sentence--are without merit and do not warrant further discussion.  To the extent Warner wishes to argue his counsel was ineffective, he must do so in a 28 U.S.C. § 2255 motion.  See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.  We grant counsel's motion to withdraw, and deny Warner's motions for new counsel.  The judgment of the district court is affirmed.

_____