2007 ND 161

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jade Dean HEMMES, Defendant and Appellant.**

Nos. 20070010, 20070011.

Supreme Court of North Dakota.

Oct. 16, 2007.

Peter D. Welte (appeared), State's Attorney, and Derick Roller (argued), third-year law student, appearing under the rule on the limited practice of law by law students, Grand Forks, ND, for plaintiff and appellee.

Darla Jane Schuman, Grand Forks, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Jade Dean Hemmes appeals from the district court's order revoking probation. We affirm, concluding the district court did not err by revoking probation or by denying Hemmes' transcript request.

I

[¶ 2] Hemmes pleaded guilty to theft of property on May 12, 2000. He was sentenced to one year in prison, which was suspended, supervised probation for five years and payment of restitution. Probation was subject to compliance with conditions, including participating in a treatment program, reporting to a probation officer, avoiding drugs and alcohol, and refraining from violating federal, state, and local laws.

[¶ 3] Hemmes did not comply with the probation order. On November 27, 2006, Hemmes admitted probation violations including drinking, failing to pay restitution, committing disorderly conduct and assault, and failing to report to his probation officer. He denied failing to comply with the treatment program requirement.

[¶ 4] The district court found Hemmes had been "negatively terminated" from the program. Hemmes argues this finding was based on a memorandum sent to the probation office by an employee of the assessment center. The memorandum, as read into the record by a corrections officer, characterizes Hemmes as uncooperative and argumentative with center staff and alleges he threatened suicide. Hemmes appeals the use of the memorandum because, despite his discovery requests, he did not receive a copy before the revocation hearing. He also argues the court improperly based its findings on the memorandum when neither the author nor the recipient of the memorandum were present to testify. Finally, Hemmes contends he was improperly denied transcripts from previous probation revocation hearings.

II

[¶ 5] Hemmes relies on *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), arguing the district court erred by using information contained in the memorandum to revoke his probation because the memorandum had not been provided to him for review during discovery. The State argues the memorandum is not within the scope of *Brady* because it is inculpatory and *Brady* necessitates discovery only of exculpatory documents.

[¶ 6] *Brady* states: "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. 1194. To establish a *Brady* violation, the defendant must prove:

(1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed.

*Syvertson v. State*, 2005 ND 128, ¶ 6, 699 N.W.2d 855 (quoting *State v. Goulet*, 1999 ND 80, ¶ 15, 593 N.W.2d 345). Hemmes states knowledge of the memorandum would have been helpful for impeachment purposes and thus was favorable to the defendant under *City of Grand Forks v. Ramstad*, 2003 ND 41, ¶ 10, 658 N.W.2d 731 (stating impeaching evidence is included under the first element of the *Brady* violation test).

[¶ 7] Hemmes offers no authority supporting his conclusion *Brady* applies to probation revocation proceedings. Further, this Court found no explicit authority from any jurisdiction applying *Brady* to similar circumstances. *See* L. Douglas Pipes & William E. Gagen, *California Criminal Discovery* § 1:115 (3d ed.2006) (stating *Brady* likely does not apply to probation and parole revocation proceedings). Thus, this is an issue of first impression before this Court. While some courts have mentioned *Brady* in revocation decisions, they have offered no guidance as to whether the *Brady* standard is mandatory in such hearings. *E.g., United States v. Quiroz*, 374 F.3d 682, 684 (8th Cir.2004) (rejecting a *Brady* argument in a probation proceeding because it was not raised before the lower court and because probationer could not show an effect upon her substantial rights); *United States v. Zavala*, 839 F.2d 523, 528 (9th Cir.1988) (rejecting *Brady* claim because the probationer had alternative sources for the documentation). Other courts have explicitly held

*Brady* does not apply to probation revocation proceedings. *See State v. Hill*, 368 S.C. 649, 630 S.E.2d 274, 279 (2006) (holding *Brady* does not apply in revocation proceedings because of the lower evidentiary threshold); *Poole v. State*, 167 Ga. App. 321, 306 S.E.2d 394, 395 (1983) (holding a revocation proceeding is not a criminal trial and *Brady* does not apply); *Baltimore v. State*, 165 Ga.App. 741, 302 S.E.2d 427, 428 (1983) (holding the trial court did not err in denying a *Brady* motion because a revocation is not a criminal trial). The language of the *Brady* decision supports this latter approach.

[¶ 8] *Brady* states: "A prosecution that withholds evidence on demand of *an accused* which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant." 373 U.S. at 87–88, 83 S.Ct. 1194 (emphasis added). "Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when *any accused* is treated unfairly." *Id.* at 87, 83 S.Ct. 1194 (emphasis added). *Brady's* emphasis on those accused of crimes suggests the application of *Brady* ceases after the trial stage.

[¶ 9] This is not to say that probationers are without rights. Those rights, however, are limited because probation revocation is not a stage of a criminal prosecution and because of the State's "overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial...." *State v. Wardner*, 2006 ND 256, ¶ 18, 725 N.W.2d 215. The minimum rights afforded to a probationer include:

written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be

heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.

*Id.* While *Wardner* mandates disclosure of evidence adverse to the probationer, this is not the same standard as the *Brady* requirement, which addresses evidence favorable to the probationer. This Court declines to extend the requirements of *Brady* to probation revocation proceedings.

### III

[¶ 10] Hemmes argues the contents of the memorandum also should have been provided to him under N.D.R.Crim.P. 16, which outlines the evidentiary disclosure requirements in criminal proceedings. The State argues the memorandum is an internal prosecution document and therefore not subject to discovery. Rule 16, N.D.R.Crim.P, mandates that the prosecution must allow the defendant, at his written request, to inspect any documents material to preparing a defense. N.D.R.Crim.P. 16(a)(1)(D). Internal prosecution documents are not discoverable, but this applies only when discovery is not otherwise mandatory under the rule. N.D.R.Crim.P. 16(a)(2). Documentation may be exempt from discovery if it is prepared specifically for the prosecutor's investigation. *State v. Shipton,* 339 N.W.2d 87, 89 (N.D.1983).

[¶ 11] The North Dakota Rules of Criminal Procedure do not explicitly state that revocation proceedings are within their scope, but N.D.R.Crim.P. 1 provides: "These rules govern the practice and procedure in all criminal *proceedings* . . . ." N.D.R.Crim.P. 1(a) (emphasis added). We have cautioned that "[p]robation revocation . . . is not a stage of a criminal *prosecution*"; such hearings are included under

criminal *proceedings. See Wardner,* 2006 ND 256, ¶ 18, 725 N.W.2d 215 (emphasis added). Rule 1, N.D.R.Crim.P., specifies the criminal proceedings that are excepted from the authority of the rules, including habeas corpus and extradition proceedings. Probation revocation hearings are not enumerated as an exception. Notably, the procedure for revoking probation is described in N.D.R.Crim.P. 32(f), further indicating the revocation process falls within the scope of the rules.

[¶ 12] Prior to the probation revocation proceeding, Hemmes demanded access to all relevant documentation under N.D.R.Crim.P. 16. The State does not dispute this, but argues the memorandum was withheld because it was an internal prosecution document exempt from discovery under N.D.R.Crim.P. 16(a)(2). The State further argues the memorandum is an internal prosecution document because the author was a potential prosecution witness and the recipient was an agent of the State. This argument fails because the record is devoid of evidence showing the memorandum was drafted upon request of the prosecutor or that it was prepared for the probation revocation hearing. Even if the memorandum qualified as an internal prosecution document under N.D.R.Crim.P. 16(a)(2), the exception applies only when the document is not subject to mandatory disclosure under N.D.R.Crim.P. 16(a)(1). Rule 16(a)(1), N.D.R.Crim.P., mandates the prosecution allow the defendant to inspect any documents material to preparing a defense. N.D.R.Crim.P. 16(a)(1)(D). The memorandum is discoverable because the prosecution directly relied on its contents to argue that Hemmes refused to cooperate with the treatment program. We therefore agree that N.D.R.Crim.P. 16 applies to probation revocation proceedings and that Hemmes should have been provided access

to the memorandum pursuant to his request. However, the error caused by this omission is harmless.

[¶ 13] "Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded." N.D.R.Crim.P. 52(a). While the document should have been provided to Hemmes, the contents of the memorandum involve only one of numerous probation violations. Hemmes admitted all other violations, providing sufficient grounds for revocation.

[¶ 14] In a related argument, Hemmes claims the memorandum was improperly used because neither the author nor the recipient of the memorandum were available to testify at his probation revocation hearing. Because the hearsay rule does not apply to revocation hearings, this argument is without merit. *See State v. Anderson*, 303 N.W.2d 98, 99 (N.D.1981).

[¶ 15] Relying on *State v. Chapin*, 429 N.W.2d 16, 18–19 (N.D.App. 1988), Hemmes further contends the district court relied excessively on the memorandum when making the revocation decision. We concluded in *Chapin* it is improper for a court to delegate its sentencing authority to an addiction evaluator. *Id.* at 19. However, "a trial court may utilize an addiction evaluation to advise it in making a sentencing determination, [but] that determination must be made by the court alone after fair and full consideration of the circumstances of the defendant." *Id.* Here, there is no evidence the district court improperly delegated authority to revoke Hemmes' probation. Rather, the court considered information in the memorandum together with Hemmes' admitted violations to revoke probation.

## IV

[¶ 16] As part of his appeal of the district court's order, Hemmes contends he should have been provided with transcripts of all his previous probation revocation hearings at State expense because the district court mentioned the previous hearings in its findings. Hemmes argues that previous petitions for revocation were based only on his inability to pay restitution and that he could not prove this fact without access to the transcripts from the prior proceedings. The State argues Hemmes does not provide a sufficient showing of need for the transcript.

[¶ 17] Hemmes' underlying assertion is false. The petition for revocation filed May 12, 2004 was based on failure to pay restitution and on an aggravated assault Hemmes committed in 2002. Regardless, all of the petitions and orders adjudicating the petitions appear within the record. The circumstances surrounding previous revocation proceedings are apparent without the production of a written transcript. The district court therefore did not abuse its discretion denying Hemmes transcripts of the prior revocation proceedings.

## V

[¶ 18] The district court's order revoking Hemmes' probation and denying Hemmes' transcript request is affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, J., concur.

KAPSNER, Justice, concurring in the result.

[¶ 20] I concur in the result, but do not join in the unnecessary holding in Part II that *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) does not apply to probation revocation proceedings. Regardless of whether *Brady* does or should apply in the revocation setting,

Hemmes has not established a *Brady* violation.

[¶ 21]   I join in Parts III and IV of the majority opinion.

[¶ 22]   Mary Muehlen Maring, J., concurs.